Melvin PERKINS,

v.

Edmond RICH, Policeman and Judge Thomas Herlihy.

Civ. A. No. 2235.

United States District Court
D. Delaware.

Oct. 11, 1961.

Melvin Perkins, pro se.

Aubrey B. Lank, Asst. City Sol., Wilmington, Del., for defendants.

RODNEY, Senior District Judge.

This action has been instituted in forma pauperis. The plaintiff is not represented by counsel and acts pro se. At some period the defendants took the deposition of one Arthur Perkins, the father of the defendant, and this deposition consisting of some eighteen pages of typewriting has been filed in Court.

At a hearing on a motion to dismiss the complaint under Fed.Rules Civ.Proc. Rule 12(b) (6), 28 U.S.C.A., for failure to state a claim upon which relief can be granted, it appeared that the deposition had been taken in the absence of the plaintiff, or of anyone representing him, and without any notice to the plaintiff of the taking of the deposition. The deposition was excluded from consideration by the Court.

The plaintiff has filed a motion requesting that he be furnished with a copy of the deposition without charge and bases his request upon his standing in forma pauperis. The request must be denied.

The proceedings in forma pauperis are governed by 28 U.S.C. § 1915. In Miller v. United States, 317 U.S. 192, 197, 63 S.Ct. 187, 190, 87 L.Ed. 179, the Court said:

> The Statute "applies only to court costs".

In Re Fullam, 80 U.S.App.D.C. 273, 152 F.2d 141, the petitioner sought, in forma pauperis, copies of the record, indictment and judgment in preparing a mo-

---

tion to vacate the judgment. The Court denied the petition saying:

"the in forma pauperis statute makes no provision requiring the District Court or the clerk thereof to furnish an indigent litigant with copies of papers or records,".

The motion of the plaintiff for a copy of the deposition without charge on the basis of his standing in forma pauperis is denied.