Rita EBENHART and Cecily Coddington, and on behalf of all other persons in the 1st Judicial District of the State of New York, who voted or who were qualified to vote in the election of November 5, 1968 for the position of Supreme Court Judge, Plaintiffs,

v.

James M. POWER et al., Commissioners of the Board of Elections and each Commissioner, individually; each and every delegate to the Judicial Convention of the Democratic, Republican, Liberal and Conservative Parties held for nomination of Supreme Court judges for the 1st Judicial District of the State of New York for the election of November 5, 1968, Arnold Guy Fraiman and every other nominee for Supreme Court judge, nominated by all four of the aforementioned parties and those nominated by all but the Conservative Party, and each and every person, who having knowledge of the conspiracy and who took part or failed to prevent having the power to do so, the conspiracy, which resulted in the disenfranchisement of the plaintiffs with regard to the election held on November 5, 1968 for the office of Supreme Court judge in the said Judicial District, Defendants.

No. 68 Civ. 5002.

United States District Court,
S. D. New York.

Nov. 20, 1969.

Bernard Hanft, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, Irving L. Rollins, Asst. Atty. Gen., of counsel, J. Lee Rankin, Corporation Counsel, City of New York, for defendants.

## MEMORANDUM

TENNEY, District Judge.

By order of Judge Frankel of this court, plaintiffs have been authorized, pursuant to 28 U.S.C. § 1915(a), to commence a civil action in this court without prepayment of costs and fees or the necessity of giving security therefor. Plaintiffs now move this Court for a "supplementing" order, "providing that the cost of taking, transcribing and making copies of depositions taken on behalf of the plaintiffs be paid by the U. S. Government. * * *" A statement by Bernard Hanft, Esq., attorney for plaintiffs, noting that plaintiffs "are in no financial position to pay for the taking

and transcription of depositions or other procedural devices designed to aid in the prosecution of lawsuits", has been submitted in support of this motion.

Plaintiffs' motion is in all respects denied for the following reasons:

(1) Grave doubts exist as to whether Section 1915 authorizes this Court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery. Perkins v. Rich, 198 F.Supp. 615 (D.Del. 1961); see Beard v. Stephens, 372 F.2d 685, 690 (5th Cir. 1967); Harless v. United States, 329 F.2d 397, 398–399 (5th Cir. 1964); Douglas v. Green, 327 F.2d 661, 662 (6th Cir.), cert. denied, 379 U.S. 862, 85 S.Ct. 126, 13 L.Ed.2d 66 (1964); Hullom v. Kent, 262 F.2d 862, 863–864 (6th Cir. 1959); Seybold v. Milwaukee County Sheriff, 276 F. Supp. 484–487–488 (E.D.Wis.1967); Villanueva v. Gulf Oil Corp., 262 F.Supp. 492, 494 (E.D.Pa.1967); Diaz v. Chatterton, 229 F.Supp. 19, 23 (S.D.Cal. 1964); Cheek v. Thompson, 33 F.Supp. 497, 499 (W.D.La.1940); cf. Allison v. Wilson, 277 F.Supp. 271, 275 (N.D.Cal. 1967).

(2) Plaintiffs have failed to set forth any information which would enable this Court to determine either the reasonableness or necessity for such depositions or the pertinency thereof. In light of the numerous defendants joined in plaintiffs' complaint, it would appear absolutely necessary, assuming *arguendo* that such funds could be made available, for plaintiffs to specify whom they wish to depose and the suspected relevance of such depositions. Harless v. United States, supra, 329 F.2d at 398–399; Douglas v. Green, supra, 327 F.2d at 662; Nunn v. Humphrey, 80 F.Supp. 856, 857 (M.D. Pa.1948). No such showing has been made herein.

Accordingly, and for the foregoing reasons, plaintiffs' motion is in all respects denied.

So ordered.