**Robert E. BURKET, Plaintiff,**
v.
Jeanne W. SCHULTZ, Defendant.

**Robert E. BURKET, Plaintiff,**
v.
**James E. BERNER, Defendant.**
**Civ. A. Nos. 73-C-595 and 73-C-596.**

United States District Court,
E. D. Wisconsin.
March 22, 1974.

**2**

Robert E. Burket, pro se.

Hamilton Smith and Wilber H. Boies, Chicago, Ill., for defendant in 73–C–595.

Michael T. Caldwell and William I. Caldwell, Jr., Woodstock, Ill., for defendant in 73–C–596.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The defendants in these actions are the plaintiff's former wife and the attorney who represented her in divorce proceedings conducted in Illinois in 1964. They have individually moved this court for orders dismissing these actions with prejudice and for protective orders against further litigation. I conclude that the motions to dismiss should be granted and that the motions for protective orders should be denied.

The comprehensive affidavits and exhibits which have been provided by the defendants in support of these motions reveal that the above-entitled actions are but two of a series of lawsuits in which the plaintiff Robert E. Burket contests the manner in which his 1964 divorce decree was obtained as well as the manner in which his former wife, Jeanne W. Schultz, and her present husband are raising the children in their custody.

In the first of these actions (73–C–595) Mr. Burket alleges that his former wife is violating the Illinois statutes concerning the custody of children, defying a court order concerning child support, and depriving him of an alleged constitutionally protected right to provide social security benefits to the children of his former marriage. He grounds his complaint in the Civil Rights Act.

In the second of these actions (73–C–596) the plaintiff alleges that James Berner, the attorney who represented Mrs. Schultz, obtained the divorce decree through improper means, including fraud and forgery. For the purpose of this decision only, I consolidate the two actions.

The defendants point to certain Illinois court records, copies of which accompany their motions to dismiss, which indicate the history of this litigation. First, these records show that the Illinois divorce court has retained jurisdiction because of the minor children. Secondly, in 1968 and 1972, that court entered orders restricting Mr. Burket's visitation rights and support obligations. Thirdly, in 1972 he was released from any support obligations. Fourthly, various post-decree petitions which have been filed by Mr. Burket in the Illinois divorce court have, thus far, been dismissed. Fifthly, an action by Mr. Burket against the defendant Berner, which was based on the identical cause of action alleged in 73–C–596, was dismissed by the Illinois Circuit Court on April 6, 1973. Burket v. Berner, Case No. 73–699, Circuit Court of McHenry County, Illinois.

Another case started by the present plaintiff was dismissed with prejudice on a finding that the matters alleged were related to the continuing divorce proceeding and that the complaint did not state a cause of action. That case was entitled Burket v. Schultz, Case No. 72–3266, Circuit Court of McHenry County, Illinois, and was an action in which the plaintiff charged his former wife and her present husband, among others, with slander, conspiracy, intimidation, theft, assault, battery, threats, distruction of property, and defamation.

Unable to obtain the relief he has sought in the post-decree divorce proceedings, Mr. Burket has filed a series of complaints in the federal courts, including these two actions. I find it noteworthy that in a letter to this court dated December 12, 1973, Mr. Burket indicated his intention to file "at least three other causes" related to the issues raised in the instant cases. I also think it important to note that all the matters alleged in these various complaints appear to be within the jurisdiction of the Illinois divorce court which has retained

and is exercising continuing jurisdiction over the post-decree divorce proceedings between Mr. Burket and Mrs. Schultz.

The plaintiff is proceeding pro se in these matters. He was granted leave to proceed in forma pauperis in both actions. In analyzing the allegations contained in his complaints, I hold him to a less stringent standard than that for formal pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Sigafus v. Brown, 416 F.2d 105 (7th Cir.1969). Liberal construction of the plaintiff's complaints, however, does not save them from dismissal.

Three reasons support dismissal of these actions. First, domestic relations matters are outside the scope of the subject matter jurisdiction of the federal courts. See 1A Moore's Federal Practice ¶ 0.201, at 2024. In Hernstadt v. Hernstadt, 373 F.2d 316 (2d Cir.1967), the court dismissed for want of subject matter jurisdiction an action by a former husband for a construction of the custody and visitation provisions of a divorce decree. In *Hernstadt*, as in the instant cases, the plaintiff attempted to assert a federal constitutional issue entitling him to a federal court hearing, but the court was not persuaded. It stated at 318 that—

"*  *  *  where the constitutional claim is frivolous, as here, the suit should be dismissed as an impermissible attempt to embroil the federal courts in matrimonial matters best left to the states."

Cf. Brandtscheit v. Britton, 239 F.Supp. 652 (N.D.Calif.1965); Albanese v. Richter, 161 F.2d 688 (3rd Cir.1947). Secondly, given the history of the instant cases which is outlined above, I find that the doctrine of res judicata supports the dismissal of the instant actions. Finally, it is manifest that these cases qualify for dismissal as vexatious litigation. See 1 Moore's Federal Practice ¶ 0.60(6) at 612–613. Patterson v. Northern Trust Co., 286 Ill. 564, 122 N.E. 55 (1919).

The defendants have moved this court for an order directing the clerk of this court not to accept for filing any further pleadings in these actions except for a notice of appeal and to accept no pleadings in any other actions which Robert E. Burket may attempt to file in this court against the defendants.

I can appreciate the plight of defendants who are subject to a series of vexatious lawsuits. Their dilemma is especially exaggerated where, as here, the plaintiff is apparently indigent and therefore immune from financial responsibility for abuse of process. However, I conclude that it would be inappropriate at this time for the court to enter a broad protective order of the type requested by the defendants.

The court has discretion regarding whether leave to proceed in forma pauperis is to be granted with respect to pleadings submitted. See Terry v. Turcott, F.Supp. (E.D.Wis., C.A. No. 73–C–626, decided Dec. 5, 1973). It is often impossible for a court to determine at the prefiling and in forma pauperis determination stage whether a complaint is either totally frivolous or fails to state an actionable claim. A history of vexatious litigation has developed here. I will subsequently consider this question should other complaints be filed by Mr. Burket. For the instant, however, future actions filed by this plaintiff, upon payment of the statutory fee, will be disposed of only after an appropriate motion is filed by the defendants.

Presently pending before the court is also a motion by plaintiff to amend his complaint in 73–C–595. Rule 15(a) of the Federal Rules of Civil Procedure states: "*  *  *  a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

* * * " I deny this motion. Plaintiff's motion to amend is based on his proposal to withdraw several charges and to modify his claim for damages. Since I am dismissing the various actions against the defendants for jurisdictional reasons and the plaintiff's proposed amendments do not relate to jurisdiction, justice does not require that I grant plaintiff leave to amend.

It is therefore ordered that the defendants' motions for protective orders be and they hereby are denied.

It is further ordered that plaintiff's motion in 73–C–595 for leave to amend his complaint be and it hereby is denied.

It is further ordered that plaintiff's motion in 73–C–596 for leave to join additional parties for contempt only be and it hereby is denied.

It is further ordered that the above-entitled actions be and they hereby are dismissed without leave to amend, it appearing that the plaintiff cannot allege causes of action against the respective defendants upon which relief could be granted.