**Mary Wells LAWRENCE et al.,
Defendants-Appellees,**

**and**

**Warren J. Kratky et al., Defendants.**

**No. 697, Docket 74–2591.**

United States Court of Appeals,
Second Circuit.

Argued March 4, 1975.

Decided April 3, 1975.

Stanley Nemser, New York City (Norman S. Nemser, Peter Wang, and Nemser & Nemser, New York City, of counsel), for plaintiff-appellant.

Robert J. Sisk, New York City (Amalya L. Kearse, George A. Davidson, Robert F. Herrmann, Hughes Hubbard & Reed, New York City, of counsel), for defendants-appellees.

Before FRIENDLY and GURFEIN, Circuit Judges, and BARTELS,* District Judge.

PER CURIAM:

This is an appeal from a denial of a preliminary injunction by Judge Carter against the consummation of a tender offer by Wells, Rich, Green, Inc. (the Corporation) to its own stockholders which the appellant contends amounts to "going private." Appellant contended that there were omissions in the prospectus which were material, that appellees, directors of the Corporation, were engaged in a fraudulent scheme and device in violation of the 1934 Securities and Exchange Act, and that appellees should have taken other steps to acquaint the public stockholders with facts material

for their determination of whether to sell their shares in circumstances that might cause the company to be delisted on the Stock Exchange.

Appellant failed to apply for a stay pending appeal.

The tender offer has been consummated. While this does not necessarily make the case moot so as to prevent the granting of alternative mandatory injunctive relief, we see no reason at this time, however, to upset the carefully considered judgment of Judge Carter in denying a preliminary injunction. A review of the law applicable will, in any event, be more meaningful after a full trial. We trust that Judge Carter's calendar will permit an expedited trial.

The order denying a preliminary injunction is affirmed.

**Vernon Douglas EVANS,
Plaintiff-Appellant,**

v.

**TENNESSEE DEPARTMENT OF
CORRECTIONS, et al.,
Defendants-Appellees.**

**No. 74–2398.**

United States Court of Appeals,
Sixth Circuit.

April 7, 1975.

* Of the Eastern District of New York, sitting by designation.

David C. Howard, Memphis & Shelby County Legal Services Ass'n, G. Philip Arnold, Ratner, Sugarmon, Lucas & Salky, Memphis, Tenn., for plaintiff-appellant.

R. A. Ashley, Atty. Gen., Nashville, Tenn., for defendants-appellee.

Before PHILLIPS, Chief Judge, PECK and LIVELY, Circuit Judges.

PER CURIAM.

This appeal presents the question of whether an unsuccessful plaintiff in a civil action who has been permitted to proceed in forma pauperis may be required to pay a filing fee to the clerk of the court and service fees to the marshal as costs. The plaintiff in this case filed pro se a civil rights complaint. He was permitted to proceed in forma pauperis and a legal services organization was appointed to represent him. Ultimately, the attorney representing plaintiff moved for voluntary dismissal of the action. The court granted the motion and entered judgment for all the defendants. Thereafter the court entered an order assessing costs against the plaintiff in the amount of $48.92, directing the payment of $15.00 filing fee to the clerk of the district court and $33.92 to the United States Marshal for serving summons. These costs had not been incurred by the prevailing defendants and no bill of costs had been filed by them. The plaintiff has appealed from this order. We reverse.

Proceedings in forma pauperis are controlled by 28 U.S.C. § 1915 which provides for costs as follows:

(e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

Taxation of costs is provided for in 28 U.S.C. § 1920 which specifically allows fees of the clerk and marshal to be taxed as costs. It also provides that "A bill of costs shall be filed in the case . . ." Costs are awarded to parties to an action, not to court officials. Rule 54(d), Fed.R.Civ.P., provides, in part, that

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the *prevailing party* unless the court otherwise directs . . . . (emphasis added).

A party who has paid a filing fee and fees for service of process in a civil case may include these items in his bill of costs. A court may refuse to permit an obviously frivolous action to be filed in forma pauperis. There is no statutory authority or provision in the federal rules, however, for permitting recovery of these items by the clerk and marshal

from a plaintiff in a civil case who is proceeding in forma pauperis. See Bates v. United States District Court, No. 74–8224 (6th Cir. 1975).

The judgment of the district court is reversed.