**Michael E. STURDEVANT, et al.,**
**Plaintiffs,**

v.

**Ada E. DEER et al., Defendants.**

**No. 75-C-381.**

United States District Court,
E. D. Wisconsin.

Nov. 13, 1975.

---

**18**

Mary Kay Baum, Madison, Wis., for plaintiffs.

Joseph F. Preloznik, Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Two of the plaintiffs in this action, Michael E. Sturdevant and Theresa Jacobs, have filed a motion to proceed in forma pauperis; in addition, the plaintiffs Sturdevant, Jacobs and Vivian D. Sackatock have moved to proceed in forma pauperis "for taking and transcribing oral depositions." I hold that the first motion should be granted and that the second motion should be denied.

In the plaintiffs' first motion, framed in the language of 28 U.S.C. § 1915 (1970), plaintiffs submit that they are indigent and unable to pay their portion of the costs of commencing this suit and security therefor.

The defendants question the affidavits of financial status incorporated in the plaintiffs' motion, claiming that certain additional property and security allegedly belonging to Mr. Sturdevant and Ms. Jacobs should have been included in the affidavits. The plaintiffs have filed supplementary affidavits directed to the defendants' objections concerning the properties in question.

■ I am satisfied that the plaintiffs' affidavits do not amount to a "flagrant misrepresentation" of their finances, so as to require me to deny their motion to proceed in forma pauperis. *See Adkins v. E. I. DuPont de Nemours Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L. Ed. 43 (1948). On the contrary, I believe that the affidavits of financial status sufficiently satisfy the requirements of 28 U.S.C. § 1915(a) for the purpose of commencing this action.

■ If, however, at any time hereafter it becomes apparent that the allegations of poverty are untrue, it clearly remains within the authority of this court to dismiss the proceeding. 28 U.S. C. § 1915(d); *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).

■ Not all of the named plaintiffs have moved for leave to proceed in forma pauperis. However, this does not preclude the granting of leave to those plaintiffs who have so moved. In *Adkins, supra*, the United States Supreme Court considered an appeal in forma pauperis by one of several litigants. At 335 U.S. page 340, 69 S.Ct. at p. 89, the Court said:

"Fourth. We do not think that this petitioner can be denied a right of appeal under the statute merely because other claimants will neither give security for costs nor sign an affidavit of poverty. This case illustrates that such a restrictive interpretation of this statute might wholly deprive one of several litigants of a right of appeal, even though he had a meritorious case and even though his poverty made it impossible for him to pay or give security for costs. Such a deprivation would frustrate the basic purpose of the statute. This does not mean that one of several claimants financially able but unwilling to pay his proportionate part of the costs, could demand the benefits of an appeal perfected by another claimant under the *in forma pauperis* statute. But it does mean in this case that the petitioner, upon making the required affidavit of poverty, was entitled to appellate review of the issues the district court decided against her with-

out regard to whether other claimants filed an affidavit of poverty, or paid or secured their fair part of the costs."

In their second motion, the plaintiffs argue that deposition expenses are "costs of prosecution" within the scope of 28 U.S.C. § 1915. The plaintiffs, however, cite no cases in which this interpretation has been adopted, and there are none of which I am aware. In my opinion, section 1915 does not extend to the cost of taking and transcribing a deposition. *Seibert v. Bronson,* 72–C–648 (E.D.Wis.1974); *Ebenhart v. Power,* 309 F.Supp. 660, 661 (S.D.N.Y.1969).

Therefore, it is ordered that the motion of the plaintiffs Sturdevant and Jacobs to proceed in forma pauperis be and hereby is granted, and the clerk of this court shall waive on their behalf two-thirds of the charges required of the plaintiffs.

It is also ordered that the motion of the plaintiffs Sturdevant, Jacobs and Sackatook to proceed in forma pauperis for taking and transcribing oral depositions be and hereby is denied.