Richard Earl MARKS, Plaintiff,

v.

Calvin A. CALENDINE, Commissioner, Arthur L. McKenzie, Warden, and J. David Fromhart, Associate Warden, Care and Treatment, Defendants.

Civ. A. No. 76-283-E.

United States District Court, N. D. West Virginia, Elkins Division.

June 12, 1978.

James A. Kent, Jr. (Court appointed counsel), Elkins, W. Va., for plaintiff.

Chauncey H. Browning, Jr., Atty. Gen. of W. Va., Charleston, W. Va., for defendants.

## OPINION

MAXWELL, Chief Judge.

Plaintiff, an inmate of the West Virginia State Penitentiary at Moundsville, West Virginia, utilizing the provisions of 42 U.S.C. § 1983, sought money damages in this civil action for an alleged deprivation of his constitutional rights. The defendants are state officials associated in various capacities with the administration of the State Penitentiary.

After jury trial where extensive evidence on behalf of the Plaintiff and Defendants was presented, the substantive issues were resolved by the verdict of the jury which found for Defendants.

Because of the lack of merit in Plaintiff's claim evidenced during trial, the Court ordered that the fees and costs, postponed when Plaintiff was granted leave to proceed *in forma pauperis*, be assessed against Plaintiff. Defendants subsequently filed a bill of costs.[1]

The Court is of the belief that it is necessary to explore the question of the assessment of the fees and costs as well as whether or not the necessary litigation expenses of a prevailing party can be assessed as a part of the judgment order entered against a nonprevailing party who was allowed to proceed *in forma pauperis*.[2]

At the time of filing of Plaintiff's complaint there was attached a petition for leave to proceed *in forma pauperis*. Plaintiff alleged that he had an income of approximately twenty dollars per month and a

---

1. The Bill of Costs submitted by the Assistant Attorney General, acting as Counsel for the Defendants, included the following:

Fees for Witnesses

| | | |
|---|---|---|
| Arthur L. McKenzie | $20.00 | |
| Mileage—320 Miles | 32.00 | |
| | | $52.00 |
| Bruce W. Bradley | $20.00 | |
| Mileage—None | 0.00 | |
| | | $20.00 |
| Docket Fees under 28 U.S.C. 1923 | $20.00 | |
| | | $20.00 |
| Cost of Officers transporting and guarding prisoner witnesses | | |
| Bruce Bradley | $73.60 | |
| John O'Shaughnessy | 85.20 | |
| 277 Miles at $.10 mile | 27.70 | |
| | | $186.50 |
| Total | | $278.50 |

On April 15, 1978, the Clerk of Court allowed all of the foregoing costs except the witness fees and mileage for Arthur L. McKenzie. While Mr. McKenzie presently has no affiliation with the West Virginia State Penitentiary, he was serving as the Warden of that institu-

tion at the time this action was filed and was named as a party defendant.

2. On April 16, 1978, the Court entered the following Order:

"Defendants, having prevailed in a jury trial, subsequently submitted a bill of costs requesting the Clerk tax designated items against Plaintiff. Because of the first impression nature of this question in this Court, involving the taxation of costs against a party who had proceeded in forma pauperis, it is believed the more prudent course of action requires a careful review of the Clerk's determination.

Fed.R.Civ.P. 54(d), providing that costs "may be taxed by the clerk," is permissive and does not withdraw from the Court the inherent power to tax costs at the conclusion of litigation. *Deering, Milliken & Co. v. Temp-Resisto Corp.*, 169 F.Supp. 453 (N.Y. 1959). The Court is also of the opinion that it necessarily possesses the power to review the action of the clerk *sua sponte*.

It is, therefore,

ORDERED that the decision of the Clerk taxing costs in this action is stayed pending review by this Court."

prison savings account of approximately two hundred dollars. He claimed he was not allowed access to the latter fund until his discharge from incarceration. Other than these items, Plaintiff stated that he was without assets.

After considering the complaint and the petition for leave to proceed *in forma pauperis,* such leave was granted and the complaint was ordered filed without prepayment of fees and costs, as authorized by 28 U.S.C. § 1915. Defendants were directed to answer the allegations in the complaint within twenty days.

The original complaint charged that the officials of the West Virginia State Penitentiary at Moundsville, West Virginia, did not supply clothing to the inmates and that prisoners were required to obtain their clothes with personal funds. Although these allegations did not state a *prima facie* claim cognizable under § 1983, it was possible that facts could be developed which would entitle Plaintiff to relief. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Conley v. Gibson,* 355 U.S 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Gordon v. Leeke,* 574 F.2d 1147 (4th Cir. 1978); *Craig v. Garrison,* 549 F.2d 306 (4th Cir. 1977); *McNair v. McCune,* 527 F.2d 874 (4th Cir. 1975).

■ Plaintiff sought a money recovery from the three defendants for the total sum of $3,772.92. Plaintiff alleges he spent $1,257.64 on clothing during the previous eight-year period. His claim for money actually spent is demanded from each Defendant, thus aggregating the total damages sought. In addition, Plaintiff sought his release from incarceration. This latter was, of course, an improper remedy under a Civil Rights complaint.

Subsequent to Defendants' Motion for Summary Judgment with an attached affidavit indicating that prison clothes were issued, Plaintiff filed an amendment to his complaint which, while at least acknowledging that prison clothes were being supplied, charged that in making the changeover from prisoner-purchased clothing to prison-supplied clothing the inmates had been required either to send their purchased clothes home or donate them to the Salvation Army. A copy of the Penitentiary order, referred to as Staff Notice # 45, was attached.

Plaintiff apparently declined to abide by the regulation and alleged that the Warden should have supplied the postage necessary to send the clothing to Plaintiff's home or that the clothing should have been placed in the Penitentiary's "Property Room" pending Plaintiff's release from custody. Plaintiff apparently retained his non-prison clothes and they were eventually confiscated. Plaintiff also alleged that the clothes, instead of being donated by the Penitentiary to the Salvation Army following confiscation, were taken by guards at the Penitentiary for their personal use. Plaintiff in his amended complaint sought an additional $700.00 for his clothing and $5,000.00 from each Defendant in "damages."

A member of the bar of this Court was requested to represent Plaintiff and did so in a very capable manner. Jury trial was scheduled for March 16, 1978, in Elkins, West Virginia.

Plaintiff's counsel, prior to the trial date, filed several *ex parte* applications requesting that the Court issue subpoenas to seven guards and officials of the Penitentiary and, further, that writs of habeas corpus ad testificandum be issued for twenty-two inmates of the Penitentiary and one inmate of a county jail. Plaintiff was unable to pay the required attendance fees. The Court was advised by counsel that the requested witnesses consisted entirely of witnesses Plaintiff demanded. After counsel consulted with the Court, the requests were reduced to three prisoner/witnesses who, along with seven guards and officials, would fully develop the facts in issue. The Court was of the opinion, because of the single issue presented in this case, and the need to avoid the presentation of cumulative evidence, that the limitation of the number of witnesses in this trial was proper. Fed.R.Evid. 403, 611; Annot., 5 A.L. R.3d 169 (1966).

One factor among many considered by the Court on this preliminary issue was the sizable and unnecessary burden that would be placed upon the Penitentiary officials in transporting, housing, and providing the security required for twenty-three maximum security inmates (twenty-two prisoner/witnesses plus Plaintiff) and an inmate from a county jail.

The seven guards and officials who were subpoenaed appeared although only six were actually called to give testimony. Plaintiff, as well as the three inmates whose presence was required, testified. In addition, Bruce W. Bradley, a corrections officer, and Arthur L. McKenzie, Warden of the West Virginia State Penitentiary and a party to this action, gave testimony.

Following the presentation of the evidence in the case, the jury, after deliberating for approximately fifteen minutes, returned its verdict for the Defendants.

As previously noted, the Court, pursuant to Plaintiff's request, granted leave to Plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915. This statute provides:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, *without prepayment of fees and costs* or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. 28 U.S.C. § 1915(a).

This authorization is in derogation of 28 U.S.C. § 1914, under which the payment of certain fees may be required when an action is filed, and the final paragraph of 28 U.S.C. § 1921, which authorizes the United States Marshal to require a deposit as security for the payment of the fees and costs for the service of process prescribed in that statute.

When proceedings *in forma pauperis* for a writ of habeas corpus or under 28 U.S.C. § 2255 are authorized by the Court 28 U.S.C. § 1825 authorizes the payment of witness fees and mileage by the Marshal. Another statute, 28 U.S.C. § 1915(c), provides, "The officers of the court shall issue and serve all process, and perform all duties in such cases." The obvious purpose of this statute is to insure that a plaintiff who is unable to pay the necessary costs of bringing and maintaining an action is afforded the same services by the Court and its officers as those who are able to pay.

There is no language in any of the foregoing statutes, or any other statute of which this Court is aware, that totally waives or provides any other means for eventual payment of the necessary fees and costs when leave to proceed *in forma pauperis* is initially granted; the payment by the party granted such leave is merely delayed until final determination of the case.

> The purpose of [the] statutes granting such right [to proceed in forma pauperis] is to afford relief to litigants whose poverty would otherwise deny them access to a tribunal for the redress of their wrongs, and to make it possible for those whose poverty precludes their paying costs in advance, or as they accrue, or giving bond for costs, nevertheless to litigate their claims.
>
> .    .    .    .    .
>
> The effect[s] of statutes permitting proceedings in forma pauperis ordinarily is not to relieve the pauper from eventual payment of costs but merely to postpone payment until final determination of the case  .  .  .  (20 C.J.S. *Costs* § 146 (1940)).

Another statute, similar in language and intent, which allows the institution of suits without the prepayment of fees or costs, is 28 U.S.C. § 1916. This legislation allows seamen to "institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor." This has been interpreted as merely postponing the payment of the necessary fees and costs and not as entirely abolishing the requirement that a plaintiff make eventual payment. *Hugney v. Consolidation Coal Co.,* 59 F.R.D. 258 (W.D.Pa.1973).

■ Had Plaintiff prevailed in this action, he would be entitled to recover from Defendants the filing fee and fees and costs for service of process for which he is liable. 28 U.S.C. § 1920(1). This sum should then be presented to or retained by the Court in payment of the fees and costs postponed under 28 U.S.C. § 1915(a). There is no rational reason apparent to allow a Plaintiff, permitted to proceed *in forma pauperis* such as here, to be absolved of this debt when he did not prevail on the merits.

■ It is important here to note the distinction between the meaning of "fees and costs" used in the *in forma pauperis* statute 28 U.S.C. § 1915(a), quoted above, and the use of "costs" as used in 28 U.S.C. § 1915(e). The latter statute states: "Judgment may be rendered for costs at the conclusion of the suit or action as in other cases . . ." In the former section the words "fees and costs", read in the context of being postponed, refers to those expenses whose payment can be held to be a requisite to any reciprocal action. This would include, in the present posture of this case, the filing fee (28 U.S.C. § 1914), the Marshal's fee for the service of process (28 U.S.C. § 1921), and the daily attendance fee and mileage allowance which must be presented to a prospective witness (Fed.R. Civ.P. 45(c)). 28 U.S.C. § 1915(c), quoted above, enlarges upon this idea by specifying the duties of these persons when leave to proceed *in forma pauperis* is granted. On the other hand, the word "costs" as used in the 28 U.S.C. § 1915(e), read in the context of being "assessed," refers to those expenses for which the opposing party can be held liable. The specific expenses which may be assessed are listed in 28 U.S.C. § 1920.

Only one federal case has been located which holds that a non-prevailing party who was granted leave to proceed *in forma pauperis* is absolved from the later payment of fees and costs. The reasoning of the court in *Evans v. Tennessee Dep. of Corrections,* 514 F.2d 283 (6th Cir. 1975) was that 28 U.S.C. § 1915(e) allows costs "as in other cases." "[O]ther cases" (actions not prose-cuted *in forma pauperis*) are governed by Fed.R.Civ.P. 54(d). This Rule states that "costs shall be allowed as [a matter] of course *to the prevailing party . . .*" (Emphasis added.) Further, 28 U.S.C. § 1920 requires that a bill of costs be filed in the case, an action the court cannot itself take. Therefore, it was reasoned, costs can only be recovered by a prevailing party who files a bill of costs. The Sixth Circuit Court, however, did not find in the facts of the litigation before it grounds for the distinction between the postponement of the payment of fees and costs, addressed by 28 U.S.C. § 1915(a), and the rules for allocating the fees and costs of litigation between the parties at the conclusion of the case, addressed by 28 U.S.C. § 1915(e), 28 U.S.C. § 1920, and Fed.R.Civ.P. 54(d). Other courts have held that these fees and costs can be recovered. Procedures for this recovery were not specified. E. g., *Perkins v. Cingliano,* 296 F.2d 567 (4th Cir. 1961); *Du-hart v. Carlson,* 469 F.2d 471 (10th Cir.), *cert. denied; Long v. Carlson,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1972); *Low-icki v. Herstein,* 182 F.Supp. 585 (D.Md. 1960); *Moss v. Ward,* 434 F.Supp. 69 (S.D. N.Y.1977).

Other cases which refer to the "immunity" of an indigent party apparently use the term to indicate the inability of a court or prevailing party to enforce a judgment against one who has no money rather than indicating any shield erected by the grant of *in forma pauperis* status. *Hawkins v. Elliott,* 385 F.Supp. 354 (D.S.C.1974) and *Clark v. Zimmerman,* 394 F.Supp. 1166 (M.D.Pa.1975), both citing *Caviness v. Somers,* 235 F.2d 455 (4th Cir. 1904); *Burket v. Schultz,* 62 F.R.D. 1 (E.D.Wis.1974).

While a procedure is set forth in 28 U.S.C. § 1915(e), 28 U.S.C. § 1920, and Fed.R.Civ.P. 54(d) for the collection of some of the litigation expenses of the prevailing party, no specific procedure is given for the collection by the Court of postponed expenses whether the *in forma pauperis* party loses or prevails in the presentation of his claim.

Believing that Congress must have intended that the debts be collected, further study is needed to determine the procedure to be used.

The United States Marshal is directed in 28 U.S.C. § 572(a) to ". . . collect, as far as possible, his lawful fees . . ." This would seem to be the appropriate solution for the Marshal's fees for the service of process.

It is stated in 28 U.S.C. § 569(a) that "The United States [M]arshal of each district is the marshal of the district court . . ." and in 2 U.S.C. § 569(b) that "United States marshals shall execute all lawful writs, process and orders issued under authority of the United States . ." It is most logical that the Marshal, having the power, the necessary facilities, and the expertise to collect the fees due his office, be directed, as an officer of the district court, to collect the debts owed the courts.

■ As previously noted, 28 U.S.C. § 1825 authorizes the payment of witness fees by the Marshal when leave to proceed *in forma pauperis* is granted by the Court for a writ of habeas corpus or under 28 U.S.C. § 2255. In proceedings other than those specified above, however, there is again no provision for the collection or payment of witness fees to those persons called by an *in forma pauperis* party. See, U.S. Code Cong. and Admin.News 1965, p. 2901. Even so, their attendance can be compelled under 28 U.S.C. § 1915(c). This Court, which issued the subpoenas requested by Plaintiff through his counsel, feels a responsibility has been imposed upon it to insure the witnesses receive the payment due them. There is no authorization for payment of these fees from government funds, the party having requested the attendance of the witnesses in this civil matter being primarily responsible to make the required payments. To this end, forms, including an appropriate certificate of attendance, have been developed by this Court to allow those persons who desire to do so the opportunity to enter their claims against the appropriate party.[3] The fact that one

3.
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PART I: WITNESS CLAIM FOR FEES AND ALLOWANCES

(For Use in Civil Actions Prosecuted *in forma pauperis*
Not Involving the U.S. or An Officer or Agency Thereof.)

Name of Witness: _____

Address: _____

Dates of Attendance: _____

No. of Days _____ x $20.00 per day =                    $_____

Dates of Travel Other Than
Dates of Attendance: _____

No. of Days _____ x $20.00 per day =                    $_____

Travel from _____ to _____ and return
via (mode of travel) _____.

Mileage (Round Trip) _____ x No. Round Trips _____ x 10¢ per mile   $_____
(Mileage in West Virginia from the mileage diagram of the latest edition of the official West Virginia Highway Map. Otherwise, use a generally accepted guide.)

Subsistence (If Distance Precludes Return to Residence at Night.)

No. of Nights _____ x $16.00 =                             $_____

                                        TOTAL                $_____

Witness Certification
I certify that the above data is correct and that payment has not been received.

_____        _____
Signature of Witness                Date

of the guards was not called upon to testify does not affect his right to receive the witness fee and mileage, so long as he was in attendance. E. g., *Fed. Sav. & Loan Ins. Corp. v. Szarabajka,* 330 F.Supp. 1202 (N.D. Ill.1971). The important fact is that his attendance was demanded by Plaintiff and he did appear.

■ Payment must, however, await collection. Just as the Marshal for this District is required by statute to seek recovery for the service of process fees, and may be directed by this Court to seek the recovery of the filing fees owed the Court, he may be directed to attempt recovery of the necessary funds to allow this Court to make recompense to the witnesses called by an *in forma pauperis* party.

■ There are, in addition to the fees and costs discussed above, still other fees and costs for which Plaintiff may be held liable. The normal practice in the federal courts is to require the losing party not only to bear his own expenses of litigation but to require him to make recompense for the necessary litigation expenses of the prevailing party. Fed.R.Civ.P. 54(d). There is no rational distinction in this regard between an action in which the fees and costs are prepaid and a proceeding *in forma pauperis.* It is clearly stated in 28 U.S.C. § 1915(e) that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other cases . . ." This has been recognized elsewhere. E. g., *Perkins v. Cingliano,* 296 F.2d 567 (4th Cir. 1961); *Duhart v. Carlson,* 469 F.2d 471 (10th Cir.), cert. denied; *Long v. Carlson,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1972); *Lowicki v. Herstein,* 182 F.Supp. 585 (D.Md.1960); *Moss v. Ward,* 434 F.Supp. 69 (S.D.N.Y. 1977).

28 U.S.C. § 1920 sets forth the items that may be allowed as recoverable costs of the prevailing party. These include:

(1) Fees of the Clerk or Marshal;

(2) Fees of the Court Reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 of this title.

■ The allowance of an expense listed in this section as a recoverable cost is, in general, granted or denied depending upon whether the prevailing party suffered that expense and whether it was necessary to the litigation. As an example, the filing fee (28 U.S.C. § 1920(1)) would be a recover-

Note 3—Continued

– DO NOT WRITE BELOW THIS LINE –

PART II: ORDER

STYLE OF CASE: _____

CASE NO. _____

Name of Witness: _____

No. Days Allowed: _____

The witness named above attended in the case indicated for the number of days shown and is entitled to the statutory allowance for attendance and travel. Such payment will be made by the Clerk of the Court to the witness when received from the U.S. Marshal for this District in accordance with the Order previously entered in this matter. The individual (is) (is not) entitled to the subsistence allowance provided by law by reason of the distance involved from point of attendance to his residence.

It is so ORDERED.

Date _____

_____
United States District Judge

able expense if a plaintiff prevailed. If the defendant prevailed it is nonetheless a necessary litigation expense which must be paid by the plaintiff but not to the defendant. Also, the costs of a prevailing party's witnesses (28 U.S.C. § 1920(3)) are generally a necessary expense and are, thus, recoverable from the losing party, but the losing party must bear his own witness expenses.

■ In the present case the prevailing party is the Defendant. The necessary expenses of litigation claimed by Defendants (an appeal may enhance the costs presently known) which may be recovered from Plaintiff include fees for a non-prisoner witness consisting of the daily attendance fee and mileage of 28 U.S.C. § 1921 (28 U.S.C. § 1920(3)) and the docket fees of 28 U.S.C. § 1923 (28 U.S.C. § 1920(5)).

■ Also, in the present case, certain witnesses called by Plaintiff, including Plaintiff, were prisoners being held in the custody of Defendants. The expenses of their transportation, in accordance with the writs of habeas corpus ad testificandum issued by this Court upon Plaintiff's request, including any extra costs of guards, are properly recoverable. 28 U.S.C. § 1920(3). While beyond the permissible scope of issues here, it is noted that the transportation is understood to have been in vehicles owned by the State of West Virginia with guards provided by the institutions in which the prisoner/witnesses were housed at the time of the trial. *United States ex rel. Griffin v. McMann,* 310 F.Supp. 72 (E.D.N.Y.1970). These prisoner/witnesses are not, however, entitled to the witness fees and mileage allowances of 28 U.S.C. § 1824. See *Meadows v. United States Marshal,* 434 F.2d 1007 (5th Cir. 1970). While not, strictly speaking, an expense of the Defendants, it is an actual expense of the defense of this action. This expense was borne by the State of West Virginia which provided the defense services to the named defendants.

The Supreme Court in *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), stated that the district courts should sparingly exercise their broad discretion in assessing cost items, such as the costs for transporting witnesses discussed above, not specifically authorized by statute. This practice was desired so as not to discourage litigants from bringing civil actions even though in good faith they believed their claim was meritorious.

There is, in addition to the cases previously cited which discuss the effect of *in forma pauperis* status, a line of cases based upon *Farmer* which appear to hold that costs of litigation should not be imposed upon a party proceeding *in forma pauperis* when there is a wide disparity of economic resources between the parties. *Mintz v. Allen,* 254 F.Supp. 1012 (S.D.N.Y.1966); *Ledge Hill Farms, Inc. v. W. R. Grace & Co.,* 230 F.Supp. 638 (S.D.N.Y.1964); *Maldonado v. Parasole,* 66 F.R.D. 388 (E.D.N.Y. 1975); *Ostapowicz v. Johnson Bronze Co.,* 54 F.R.D. 465 (W.D.Pa.1972); *Boas Box Co. v. Proper Folding Box Corp.,* 55 F.R.D. 79 (E.D.N.Y.1971). While not agreeing with some of the broad interpretations placed upon *Farmer* by other Courts, these cases may be distinguished upon one important fact. The good faith belief of the non-prevailing pauper that the claim was meritorious, found to exist by the Courts deciding these cases, is obviously and painfully absent in the present action.

■ It is not the intent of this Court to deny or dissuade the presentation of claims, containing even minimal merit, by those persons unable to advance the necessary fees and costs. It is the apparent practice of the Courts, as evidenced by the scarcity of decisions on this point, to effectively treat the granting of *in forma pauperis* status as a complete waiver of the costs of litigation. It is only in the numerically few cases, such as the one presently discussed, when trial shows the complete absence of merit coupled with the intent to use the Court as a vehicle for harassment, that it is deemed necessary to impose fees and costs against a non-prevailing plaintiff proceeding *in forma pauperis.*

As was well stated in *Braden v. Estelle,* 428 F.Supp. 595, 597 (S.D.Tex.1977), "A po-

tential plaintiff typically will weigh the chance of success against the cost of pursuing his action and assess realistically whether the possible benefits outweigh the predictable costs. In the absence of a cost requirement, however, a prisoner plaintiff [proceeding *in forma pauperis*] need not confront this dilemma."

It is an unfortunate but necessary observation that while the harassment type of lawsuit is most often found to occur in the type of litigation commonly referred to as "prisoner cases," it is not limited to that group.

The legislative and judicial "helping-hand", allowing proceedings *in forma pauperis,* has been extended to many who otherwise would have no opportunity to pursue their causes of action. The courts must not allow this privilege to be abused. Potential litigants, therefore, must be aware of their responsibility and the attendant costs in asserting vexatious claims.

An order will follow consistent with this opinion.

United States District Court,
E. D. Pennsylvania.