**George A. MOSS**

v.

**ITT CONTINENTAL BAKING COMPANY et al.**

Civ. A. No. 78–0271–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 9, 1979.

William W. Davenport, Richmond, Va., for plaintiff.

David M. Shapiro, Richmond, Va., Harry A. Rissetto, Washington, D. C., Hugh J. Beins, Jonathan G. Axelrod, Bethesda, Md., Thomas H. Kohn, Alexandria, Va., Jay J. Levit, Richmond, Va., Robert M. Baptiste, Washington, D. C., for defendants.

## MEMORANDUM

WARRINER, District Judge.

■ On 11 May 1979, plaintiff's counsel, William W. Davenport, moved the Court for reimbursement of certain expenses incurred by him as court appointed counsel for plaintiff Moss in the above captioned case. These expenses included charges for long distance telephone calls, photocopying, postage stamps, typing, travel and parking, sta-

tionery, and charges for a copy of an EEOC file and deposition. The total expenses claimed to be reimbursable are $293.68. Counsel was appointed to represent the plaintiff pursuant to 28 U.S.C. § 1915, which provides for the appointment of counsel in cases where the party to be represented is otherwise unable to employ counsel of his own. Section 1915, however, does not authorize reimbursement of appointed counsel for the expenses incurred in his representation. Counsel has pointed out in his Memorandum that, if appointed counsel are unable to recoup their out-of-pocket expenses, then it is possible that only the associates of large law firms will be able financially to accept court appointed cases. This motion is ripe for consideration.

■ Section 1915 of Title 28 provides that a "court may request an attorney to represent any such person unable to employ counsel . . . ." 28 U.S.C. § 1915(d) (1977). Appointment of counsel pursuant to § 1915(d) is discretionary with the Court. As such, a party has no right to the appointment of counsel, rather such appointment is a matter of privilege. *Bowman v. White,* 388 F.2d 756, 761 (4th Cir.) *cert. den. sub nom. Bowman v. First Natl. Bank of Harrisonburg,* 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968). The general "rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action." *Haymes v. Smith,* 73 F.R.D. 572, 574 (W.D.N.Y.1976), *citing Tyler v. Lark,* 472 F.2d 1077, 1978–79 (8th Cir. 1973); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D.Wis.1975); *Clark v. Hendrix,* 397 F.Supp. 966, 975 (N.D.Ga.1975); *Ebenhart v. Power,* 309 F.Supp. 660, 661 (S.D.N.Y. 1969). Counsel has cited the case of *Allison v. Wilson,* 277 F.Supp. 271, 275 (N.D.Cal. 1967), *rev'd on other grounds,* 434 F.2d 646 (9th Cir. 1970), as authority for the proposition that federal funds are implicitly authorized for the reimbursement of expenses incurred in the representation of an indigent civil litigant. *Allison* has been cited frequently for the dictum to which counsel refers; the court stated that "[a]ppoint-

ment of counsel to an indigent incarcerated plaintiff in a civil action implicitly authorizes the commitment of federal funds to underwrite necessary expenditures." 277 F.Supp. at 275. *Allison* contains no citation of authority for this statement. Further, *Allison* arose in the context of a civil suit filed by an indigent prisoner litigant, a distinctly different situation from that presented in this case.

Decisions reported subsequent to *Allison* have either cited this dictum merely as contrary to the general rule or have questioned its logical soundness. *Haymes v. Smith, supra* at 574; *Clark v. Hendrix, supra* at 975 (*Allison* rejected as untenable); *Dreyer v. Jalet,* 349 F.Supp. 452, 486–87 (S.D.Tex. 1972) (*Allison* rejected as unsound). Research has revealed no case which follows the dictum in *Allison* or which fully incorporates that dictum to support the position advanced by counsel.

Counsel also cites *Ebenhart v. Power, supra,* which contains dictum to the effect that "[g]rave doubts exist as to whether Section 1915 authorizes this Court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery." 309 F.Supp. at 661 (citations omitted). Cases subsequent to *Ebenhart* have cited that case for the proposition that § 1915 does not authorize the commitment of federal monies for the payment of necessary expenses in an indigent civil litigant's suit. *Haymes v. Smith, supra* at 574; *Sturdevant v. Deer, supra* at 19. The Court in *Ebenhart* stated that before plaintiffs, proceeding *in forma pauperis,* would be permitted to take, transcribe, or copy depositions at federal expense, they would have to specify whom they desire to depose "and the suspected relevance of such depositions." 309 F.Supp. at 661. *Ebenhart's* interpretation of § 1915(a) "costs" has been interpreted inconsistently; it has been cited as authority for the general "rule . . . that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action," *Haymes v. Smith, supra* at 574; as authority contrary to the rule that "there are no federal funds

available to pay for the transportation of a prisoner-plaintiff from his place of incarceration to court to either 'prepare for trial, appear at trial or at pre-trial proceedings, or for any other purpose.'" *Clark v. Hendrix, supra* at 975; and as authority for the proposition that § 1915 does not authorize federal funds for the "cost of taking and transcribing a deposition," *Sturdevant v. Deer, supra* at 19. Further, as *Ebenhart* dealt with § 1915(a) "costs" for which pre-payment might be waived, and did not address the issue of reimbursement for expenses in court appointed representation, its precedential value is not compelling.

■ Analogy may be drawn to the pre-payment by the Government of witness expenses pursuant to § 1915(c), where a prisoner-plaintiff proceeds *in forma pauperis. White v. Sullivan,* 368 F.Supp. 292, 293 (S.D.Ala.1973). Witness disbursements, however, may be taxed as costs under 28 U.S.C. § 1920(3), and thus need not be paid as a cost by the Government. *Helwig v. Cavell,* 171 F.Supp. 417, 424 (W.D.Pa.), aff'd *sub nom. Helwig v. Maroney,* 271 F.2d 329 (3d Cir. 1959), *cert. den.* 362 U.S. 954, 80 S.Ct. 870, 4 L.Ed.2d 872 (1960). As taxable costs, witness fees in some instances may be taxed against a non-prevailing pauper. *See infra.*

■ The case of *United States v. Dillon,* 346 F.2d 633, 634–36 (9th Cir. 1965), *cert. den.* 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966), is instructive to the Court's consideration of counsel's motion. In *Dillon,* the Ninth Circuit reversed a District Court decision granting attorney's fees to court appointed counsel in a habeas corpus case. The appellee-attorney argued that the appointment of counsel without compensation in indigent civil cases was a "taking" of property prohibited by the Fifth Amendment. The Ninth Circuit gave the following rationale for reversing the lower court's decision to grant attorney's fees:

[T]he obligation of the legal profession to serve indigents on court order is an ancient and established tradition, . . . appointed counsel generally have been

compensated, if at all, only by statutory fees which would be inadequate under just compensation principles, and which are usually payable only in limited types of cases. . . . [T]he vast majority of the courts which have passed on the question have denied claims of appointed counsel for a non-statutory just compensation, pointing out that representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court, and that the obligation of the legal profession to serve without compensation has been modified only by statute. An applicant for admission to practice law may justly be deemed to be aware of the traditions of the profession which he is joining, and to know that one of these traditions is that a lawyer is an officer of the court obligated to represent indigents for little or no compensation upon court order. Thus, the lawyer has consented to, and assumed, this obligation and when he is called upon to fulfill it, he cannot contend that it is a "taking of his services." 346 F.2d at 635.

This rationale is equally applicable to the motion by counsel presently before the Court; absent statutory provision which authorizes the reimbursement of counsel for their out-of-pocket expenses incurred in their appointed representation of an indigent, the Court may not so order the expenditure of federal funds. The Court in *Dillon,* notably, observed that "[t]he problem of providing some system of compensation for appointed counsel, in light of the developing law of the right of indigents to counsel, is a matter for legislative and not judicial treatment." *Id.* at 636.

As a final matter, it should be noted that where the non-prevailing pauper had no good faith belief in the merits of his claim, costs recoverable under 28 U.S.C. § 1920 have been assessed against him. *Marks v. Calendine,* 80 F.R.D. 24, 27–32 (N.D.W.Va. 1978). These recoverable costs include photocopying expenses, of which counsel's present claim includes $159.22. Costs in this regard are normally assessed in favor of the party prevailing in the action. Con-

ceptually, however, the Court perceives no distinction between the assessment of these costs in favor of the adverse party and the assessment of these costs in favor of the attorney appointed by the Court to represent the non-prevailing pauper, where the pauper had no good faith belief in the merits of his action. *Marks* cites one case in which one court has declined to assess costs against a non-prevailing pauper. *Evans v. Tennessee Dept. of Corrections,* 514 F.2d 283, 284 (6th Cir. 1975). However, this view of the Sixth Circuit has not been followed in the Fourth Circuit. In *Perkins v. Cingliano,* 296 F.2d 567, 568–69 (4th Cir. 1961), it was held that costs might be assessed against a non-prevailing pauper. 514 F.2d at 569.

*Marks* further notes cases holding that "costs of litigation should not be imposed upon a party proceeding *in forma pauperis* when there is a wide disparity of economic resources between the parties." 80 F.R.D. at 31 (citations omitted). These latter cases were distinguished from that presented in *Marks* by the absence, in *Marks,* of a good faith belief by the pauper in the merits of his claim.

■ The memorandum filed by this Court on 9 April 1979 found that "[t]he total absence of any basis for [this] render[ed] its filing frivolous. . . . The Court is now convinced that the case was filed either in total ignorance of the law or for spite or nuisance value." *Moss v. ITT Continental Baking Co.,* 468 F.Supp. 420, 421 (E.D.Va.1979). This action may thus be an appropriate one in which counsel may desire to pursue the application of the principles noted in *Marks.* Irrespective of recovery of photocopying expenses, charges for postage, typing, and stationery are clearly costs not recoverable under § 1920. *Wahl v. Carrier Mfg. Co.,* 511 F.2d 209, 216–17 (7th Cir. 1975).

As Mr. Davenport has noted in his memorandum, if there is no provision for recoupment of out-of-pocket expenses incurred in court appointed representation of indigents, it may well be impossible financially for

associates of small law firms or individual practitioners to undertake such representation. The Court is if the opinion that such cases provide excellent opportunities for the discharge of ethical obligations long established in the legal profession, and also provide opportunities for members of the local Bar to acquire experience which might be otherwise unavailable. While it is unsatisfactory to hold that the benefit Mr. Davenport derives from the experience offsets his out-of-pocket expenses incurred during this representation, it is clear to the Court that absent clear statutory authorization for this type of reimbursement, the Court would exceed its authority to order federal monies to be used for the type of reimbursement claimed in this case. No statutory authority for such reimbursement having been found, counsel's motion must be denied.

An appropriate order shall issue.

### ORDER

In accordance with the memorandum this day filed, it is hereby ORDERED that the motion of plaintiff's counsel for reimbursement of out-of-pocket expenses shall be DENIED.