Rusty Allen BENNETT, Plaintiff,

v.

RAVENSWOOD CITY POLICE DEPARTMENT, et al, Defendants.

Civ. A. No. A:85–1527.

United States District Court, S.D. West Virginia, Parkersburg Division.

Feb. 21, 1986.

Rusty Allen Bennett, pro se.

George J. Cosenza, Cosenza & Underwood, Parkersburg, W.Va., for defendants.

## INTERLOCUTORY ORDER ON COSTS

HADEN, Chief Judge.

On this day the Court has been presented with a bill from a court reporter for the *pro se* Plaintiff's copy of the deposition taken of him by Defendants in this action.

■ The Court must respectfully decline the court reporter's invitation to pay this bill in the amount of $28.00, inasmuch as there is no statutory nor decisional authority which would permit the United States or one of its agents to incur this cost. *See U.S. Marshal's Service v. Means*, 724 F.2d 642, on rehearing, 741 F.2d 1053 (8th Cir. 1983). The presentation of the bill raises interesting questions, however.

■ Pursuant to his affidavit, the Plaintiff, Mr. Bennett, has been accorded pauper status by the Court, but only upon his stipulation and promise that the recovery, if any, secured or effected in this action shall be into the hands of the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against the Plaintiff and remit the balance to the Plaintiff and/or his attorney. Consequently the Plaintiff, although currently without funds to pay for a copy of the deposition taken of him may come into funds (if he prevails) which could satisfy the cost incurred in securing a copy of his deposition. Such would be properly taxable as costs in this action and collectible from the Plaintiff, again, should he prevail. On the other hand, 28 U.S.C. § 1915(e) also authorizes the Court to assess costs in the proper case against an unsuccessful indigent prisoner/plaintiff who initially was granted leave to proceed *in forma pauperis*. *Flint v. Haynes*, 651 F.2d 970 (4th Cir.1981); *Marks v. Calendine*, 80 F.R.D. 24 (N.D.W.Va.1978).

Considering the present status of this case, however, the prisoner/Plaintiff, an indigent, is without funds to secure a copy of his deposition so as to protect his interest in this lawsuit should he be confronted later than with either a motion for judgment of dismissal or motion for summary judgment based in part upon the contents of his sworn deposition. Obviously at this point in time he needs a copy of the deposition to protect his own interest in this lawsuit.

Accordingly, as an interim and interlocutory measure, pursuant to the discretion vested in this Court by *Rule* 54(d), Federal Rules of Civil Procedure, the Court ORDERS the cost of a copy of Plaintiff's deposition to be paid now by the Defendants who initiated the deposition of the Plaintiff, pending final order in this case, which will allocate among other things, the costs incurred at the conclusion of the litigation.

The Clerk is directed to send a certified copy of this Order to the Plaintiff, to the Defendants' counsel with a copy of the invoice covering the Plaintiff's deposition, and a copy to Julie A. Mahan, Court Reporter, Route 1, Box 93, Millwood, WV 25262.