959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Dean DUSENBERRY, Plaintiff-Appellant,
v.
John C. GLUCH, Defendant-Appellee.
 No. 91-1885.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Larry Dean Dusenberry is a pro se federal prisoner who appeals the dismissal of a civil rights suit that he had brought under the authority of Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Dusenberry alleged that the defendant had violated his constitutional rights by retracting his visiting privileges with his wife and mother. On March 22, 1991, a magistrate judge directed the United States Marshal to collect the costs of serving Dusenberry's complaint. On July 22, 1991, the district court dismissed the case, after finding that the defendant was protected by qualified immunity. Dusenberry now appeals.
 
 
 4
 There is nothing on the face of the complaint to indicate that the defendant was sued in anything other than his official capacity as the warden of a federal prison. Therefore, the doctrine of sovereign immunity bars Dusenberry's claim for monetary relief. See Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 115-16 (6th Cir.1988).
 
 
 5
 Dusenberry does not have an inherent constitutional right to visitation. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Nevertheless, prison regulations may create a liberty interest that is protected by the Due Process Clause of the Fifth Amendment if they contain "specific substantive predicates" in conjunction with language of an "unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed." Hewitt v. Helms, 459 U.S. 460, 471-72 (1983).
 
 
 6
 Dusenberry argues that a liberty interest is created by 28 C.F.R. § 540.44, which states in pertinent part as follows:
 
 
 7
 An inmate desiring to have regular visitors must submit a list of proposed visitors to the designated staff. Staff shall compile a visiting list for each inmate after suitable investigation (see § 540.51(b)). The list may include:
 
 
 8
 (a) Members of the immediate family--These persons include mother, father, step-parents, foster parents, brothers and sisters, spouse, and children. These individuals are placed on the visiting list, absent strong circumstances which preclude visiting.
 
 
 9
 However, the regulations also provide that an "inmate's visiting list may be amended at any time." 28 C.F.R. § 540.51(b)(5). Continued visitation may be denied if there is an attempted or actual violation of certain prison rules. 28 C.F.R. § 540.52. Furthermore, the "(w)arden may restrict inmate visiting when necessary to insure the security and good order of the institution." 28 C.F.R. § 540.40. When read in context, the regulations do not repeatedly use explicit language to limit the discretion of prison officials regarding visitation. See Thompson, 490 U.S. at 463-65. Thus, the regulations do not create a liberty interest that is protected by due process.
 
 
 10
 In addition, the district court properly found that the defendant was protected by qualified immunity. Application of the qualified immunity doctrine turns on the "objective legal reasonableness" of the defendant's action, in light of the legal rules that were clearly established at the time that it was taken. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). The defendant's action was not inconsistent with the Supreme Court's holding in Thompson. Therefore, dismissal of the present case was appropriate because the defendant's action did not violate a clearly established right. See Ohio Civil Serv. Employees Ass'n v. Seiter, 858 F.2d 1171, 1177-78 (6th Cir.1988).
 
 
 11
 Dusenberry also argues that the district court erred by conducting an in camera examination of documents as well as an ex parte examination of the defendant to determine whether there was sufficient justification for discontinuing visitation. However, the dismissal of Dusenberry's case would have been appropriate even if these proceedings had been in error. This is so because an examination of the disputed documents and testimony is not needed to support the legal conclusions that Dusenberry did not have a protected liberty interest in visitation and that the defendant was protected by sovereign and qualified immunity.
 
 
 12
 Finally, Dusenberry argues that the district court erred in refusing to set aside a magistrate judge's order which authorized the United States Marshal to collect the costs associated with serving his complaint.
 
 
 13
 A party who has paid a filing fee and fees for service of process in a civil case may include these items in his bill of costs. A court may refuse to permit an obviously frivolous action to be filed in forma pauperis. There is no statutory authority or provision in the federal rules, however, for permitting recovery of these items by the clerk and marshal from a plaintiff in a civil case who is proceeding in forma pauperis.
 
 
 14
 Evans v. Tennessee Dep't of Corrections, 514 F.2d 283 (6th Cir.1975) (per curiam). Costs may not be assessed against a party who has been granted pauper status without an evaluation of the party's ability to pay. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). Thus, the magistrate judge's order was in error insofar as it had the effect of assessing costs prospectively without a reevaluation of Dusenberry's ability to pay.
 
 
 15
 Accordingly, the district court's judgment is affirmed and the magistrate judge's order is vacated to the extent that it authorizes the collection of costs. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation