No. 83–634. CALIFORNIA DEPARTMENT OF CORRECTIONS *v.* UNITED STATES ET AL. C. A. 9th Cir. Certiorari denied. ▮▮ ▮▮▮▮▮

JUSTICE REHNQUIST, dissenting.

Weldon Wiggins, an inmate in the California prison system, was also plaintiff in a civil action pending in the United States District Court for the Northern District of California. At his behest, a writ of habeas corpus *ad testificandum* was issued requiring the State to produce him so that he might attend the trial of his civil action. The State was ordered to bear all the expenses associated with transporting and securing the presence of Wiggins at the trial. The State appealed, claiming that it should be reimbursed by the United States Marshal in light of this Court's decision in *United States* v. *New York Telephone Co.*, 434 U. S. 159 (1977). The Court of Appeals for the Ninth Circuit affirmed the District Court's order. *Wiggins* v. *County of Alameda*, 717 F. 2d 466 (1983).

In so holding, the Court of Appeals relied on *Story* v. *Robinson*, 689 F. 2d 1176 (CA3 1982), and sought to distinguish *Ballard* v. *Spradley*, 557 F. 2d 476 (CA5 1977), and *Ford* v. *Carballo*, 577 F. 2d 404 (CA7 1978). In *Story, supra,* the Court of Appeals for the Third Circuit affirmed a District Court order requiring the State to produce, at its own expense, a state prisoner called as a witness in a federal civil suit. In *Ford, supra,* the Court of Appeals for the Seventh Circuit held that requiring the State to bear the en-

tire financial burden of producing an incarcerated civil plaintiff at his federal-court trial would be an "unreasonable burden" under the language of *United States* v. *New York Telephone Co.*, *supra.* In *Ballard*, *supra*, the Court of Appeals for the Fifth Circuit rejected the argument of the United States that the State of Florida should bear the entire financial burden of securing the attendance of an incarcerated civil plaintiff at his trial in federal court.

No one doubts the availability of writs of habeas corpus *ad testificandum* in appropriate circumstances; as the Court of Appeals pointed out in its opinion in this case, authority to issue such a writ is expressly conferred by 28 U. S. C. § 2241(c)(5). But the question of who shall bear the financial burden of securing a prisoner's attendance—an increasingly important question in view of the mounting number of prisoners' petitions for writs of habeas corpus and civil rights complaints—is entirely separate from the question of whether federal courts may issue such writs. Because the Courts of Appeals for the Fifth and Seventh Circuits apparently take a narrower view of their authority to impose costs on the State than do the Courts of Appeals for the Third and Ninth Circuit, I would grant certiorari in this case and resolve the conflict.