Randolph Joseph X. GREENE Yusuf Al-Wadud Beyah

v.

UNITED STATES of America, et al.

Civ. No. C81–154.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 15, 1984.

Randolph Joseph X. Greene, pro se.

Barbara Tinsley, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

■ This nonjury case is before the court for disposition on the merits. For the reasons set forth hereinafter, no in-court trial has been held, but the court nonetheless deems it appropriate to determine the facts and enter judgment in favor of Defendants.[1]

■ This is a pro se prisoner case brought under 42 U.S.C. § 1983. Plaintiff seeks damages against the United States and various officials of the United States Penitentiary in Atlanta (USP-Atlanta) for alleged deprivations of his constitutional rights which occurred while he was incarcerated at USP Atlanta in 1975–1976.[2] Specifically, Plaintiff complains that Defendants wrongfully refused to place his sisters on his approved visiting list and approved telephone list. He also contends that Defendants wrongfully denied him telephone access to his criminal counsel, who represented him in 1975 in the trial and appeal of *United States v. Greene*, CR 75–331A, which was apparently tried in the Northern District of Georgia.

At the time the instant action was filed, Plaintiff was an inmate at USP-Marion in Illinois. Since then he has been transferred to USP-Leavenworth in Kansas. According to information furnished by Plaintiff, he has been incarcerated for 15 years and is serving a prison term of 30 years.

He is security level four with maximum custody.

In 1981, Defendants moved to dismiss or alternatively for summary judgment. The motion was denied, essentially because Defendants were unable to produce clear evidence to justify the incidents described in Plaintiff's complaint, or to refute their occurrence, so as to make summary judgment appropriate.

In order to get this case ready for trial, the court in January of 1984 directed that Plaintiff provide certain information, including the names, addresses, and custodial status if applicable of each witness who Plaintiff wished to have testify at trial. Plaintiff initially stated, in response, that his sisters might be called as witnesses. However, after receiving further instruction from the court that it would be necessary to provide their names, addresses, custodial status if applicable, and summary of their testimony (which had been omitted in Plaintiff's response to the January 1984 order), Plaintiff notified the court that he planned to call no witnesses at his nonjury trial.

By order entered May 15, 1984, the court noted its tentative decision not to bring Plaintiff to Atlanta for the trial. Instead, it directed Plaintiff to set forth in affidavit form the testimony he wished to have considered as his trial testimony. The court cautioned Plaintiff that such affidavit should be strictly factual and that it would disregard any conclusory or hearsay testimony. The court set a deadline for the government to file any response it wished

---

1. By doing so, the court does not deny the Plaintiff the right to call witnesses, since he has stated that he would call none. This is a civil case, not a criminal case; therefore, no Sixth Amendment right of confrontation is implicated. U.S. Const. amend. VI. A prisoner-party has no absolute right to give testimony in person. *Ball v. Woods*, 402 F.Supp. 803, 807 (N.D. Ala.1975), *aff'd without opinion sub nom. Ball v. Shamblin*, 529 F.2d 520 (5th Cir.), *cert. denied*, 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393; *Holt v. Pitts*, 619 F.2d 558, 560 (6th Cir.1980), *aff'd after remand*, 702 F.2d 639 (1983). A court may consider less burdensome methods for obtaining a prisoner's testimony than bringing the

prisoner to court. *Story v. Robinson*, 531 F.Supp. 627, 630 (W.D.Pa.1982), *aff'd*, 689 F.2d 1176 (3d Cir.1982). In this case, Plaintiff has presented his testimony by sworn affidavit. The court now considers Defendants' 41(b) motion for involuntary dismissal on the basis of Plaintiff's case.

2. This case was originally brought as part of Civil Action No. C78–2199, which was dismissed without prejudice on October 6, 1979. Defendants have not claimed that the statute of limitations bars this action.

to file concerning the admissibility of Plaintiff's testimony as set forth in the affidavit.

On June 4, 1984, Plaintiff timely filed his trial affidavit herein. The government then filed a timely response, basically arguing that the affidavit failed to set forth facts sufficient to show a right to relief. The government's response asked the court to enter judgment in Defendants' favor pursuant to Rule 41(b), F.R.Civ.P.

After considering the content of Plaintiff's affidavit, the court finds that he is not entitled to relief. The court makes the following findings of fact and conclusions of law:

(1) During the time when Plaintiff was incarcerated at USP—Atlanta, he initiated conversation on a number of occasions with Mr. Berkley Stroble, his caseworker, concerning getting the names of family members on his approved visiting list. Plaintiff gave Mr. Stroble the list of persons he wished to have included.

(2) The record fails to indicate whether or not the proffered visitors list was formally approved.

(3) At a point in time after Plaintiff had given Mr. Stroble the list, his mother and one of his sisters visited Plaintiff at USP—Atlanta. At that time they reported to Plaintiff that they had had difficulty getting in to see him because their names were not on the approved visiting list.

(4) The admissible evidence fails to reflect that any member of Plaintiff's family attempted to visit him, but was denied the right to see him. Plaintiff's statement in his affidavit [3] that he received letters from his sisters "stating how they were saddened by not being able to visit me" is hearsay evidence. The court sustains the government's objection to this evidence.

(5) The records entirely fails to substantiate the averments of the complaint concerning lack of appropriate telephonic access to the Plaintiff's family or to his counsel.

(6) Based on the foregoing facts, Defendants are entitled to judgment as a matter of law.

The Clerk is hereby DIRECTED to enter judgment in favor of Defendants.

---

3. The court has received a supplemental affidavit filed by Plaintiff on July 17, 1984. It states that after Plaintiff received the government's response to his original affidavit, such response refreshed his memory. He seeks to file the supplemental affidavit to augment the record. The court views this supplemental filing as an attempt to reopen the Plaintiff's case. Because the court is firmly convinced that reopening is unnecessary to avoid a miscarriage of justice, and giving due consideration to efficiency and limitation of judicial resources, the motion is hereby DENIED. Therefore, the court has not considered Plaintiff's supplemental affidavit filed July 17, 1984.