**Darrell PROWS and Arthur John Woods, Jr., Plaintiffs–Appellants,**

v.

**Warden D.C. KASTNER, et al., Defendants–Appellees.**

No. 87–2849.

United States Court of Appeals, Fifth Circuit.

April 15, 1988.

Rehearing and Rehearing En Banc Denied May 11, 1988.

Arthur John Woods, Jr., pro se.

Darrell Prows, pro se.

Dane Smith, Asst. U.S. Atty., Tyler, Tex., for defendants-appellees.

Before CLARK, Chief Judge, REAVLEY, Circuit Judge, and HUNTER *, District Judge.

CLARK, Chief Judge:

Appellants Darrell Prows and Arthur Woods appeal the district court's order requiring them to pay portions of filing fees before proceeding with their lawsuits. We affirm.

## I.

Darrell Prows and Arthur Woods, inmates at the Federal Correctional Institution in Texarkana, Texas, applied to proceed in forma pauperis in two lawsuits against various prison officials. In each case, Misc. TX–86–15 and Misc. TX–86–16, a United States magistrate recommended that Prows pay $40.00 and Woods pay $80.00 towards the filing fee. In Misc. TX–86–15, the magistrate found that Woods had $1.87 in his prisoner account and made $185.00 per month from his employment with the prison industry. The magistrate found that Prows had $5.46 in his account and made $95.00 per month from his employment. In Misc. TX–86–16, the magistrate found that Woods had $86.70 in his account while Prows had $1.11. The magistrate also determined that Woods continued to make $185.00 from his prison employment while Prows made between $125.00 and $145.00.

The district court did not adopt the magistrate's recommendation in Misc. TX–86–15. Instead, the district court ordered the plaintiffs to pay only part of the fee— Prows, $20.00 and Woods, $40.00. The district court did adopt the magistrate's report with respect to Misc. TX–86–16, and ordered Prows to pay $40.00 and Woods to pay $80.00 towards the filing fee. As a result, Prows was ordered to pay $60.00 and Woods ordered to pay $120.00 before

_____

* District Judge of the Western District of Louisi-  ana, sitting by designation.

being allowed to proceed with their two lawsuits.

Prows and Woods jointly filed a "Motion for Reconsideration" in the two cases. They filed separate declarations outlining other demands on their income. Woods asserted that he spent a majority of his earnings to support charitable causes. Prows stated that he used his money to finance his legal work and sent his spare money to his wife. The magistrate recommended that the motion be denied. The district court, after reviewing the record *de novo*, denied the motion for reconsideration. Thereafter, Prows and Woods sought leave from the United States Court of Appeals for the Fifth Circuit to proceed *in forma pauperis* in an original action seeking a writ of mandamus. This court treated the Petition for a Writ of Mandamus as a notice of appeal and allowed an *in forma pauperis* appeal.

On appeal, Prows and Woods contend that the district court abused its discretion in failing to recognize other demands on the prisoners' incomes when it ordered Prows and Woods to pay portions of the filing costs. We hold that the district court judge did not abuse his discretion in requiring partial payment from Prows and Woods and affirm.

## II.

■ The procedure for a party to bring a lawsuit in forma pauperis is set out in 28 U.S.C. § 1915. Section 1915(a) provides that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. At the same time, a district court may order users of the courts to pay a portion of the filing fees when they are financially able to do so. *Williams v. Estelle*, 681 F.2d 946 (5th Cir.1982).

■ A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship. *Smith v. Martinez*, 706 F.2d 572 (5th Cir.1983). To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory.

■ The district court in this case did not abuse its discretion in ordering Prows and Woods to pay portions of the filing fees. The payments required did not impose undue financial hardship on either Woods or Prows. Woods made $185.00 per month in the prison industry where he worked. The court ordered Woods to pay $120.00 before proceeding with the suits. The other demands on Woods' income were discretionary. Although the desire to assist charitable causes is laudable, Woods cannot choose to assign these causes a higher priority than paying court costs for his lawsuit.

■ The magistrate found in Misc. TX–86–15 that Prows made $95.00 per month. In Misc. TX–86–16 the magistrate determined that Prows made between $125.00 and $145.00 per month. The district court has ordered Prows to pay $60.00. Prows states that he used his money to finance legal work and then sent whatever spare money he had to his wife. This laudable practice does not fix priorities the court is bound to follow. The court's order that Prows pay $20 in one lawsuit and $40 in the other will not cause Prows undue financial hardship.

The district court's judgment is

AFFIRMED.