IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40217
Summary Calendar

_____

NORRIS HICKS,

Plaintiff-Appellant,

versus

JAMES A. COLLINS, Director,
Texas Department Correctional Justice——
Institutional Division, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the
Southern District of Texas
(C 94 CV 424)

_____

(    August 24, 1995)

Before KING, JOHNSON, and GARWOOD, Circuit Judges.

JOHNSON, Circuit Judge:[1]

Norris Hicks ("Hicks"), an inmate in the Texas state prison system appeals the district court's dismissal without prejudice of his civil rights action on the ground that Hicks had failed to file a complete application to proceed in forma pauperis ("IFP"). Because we believe that the district court should have examined

---

[1]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, the Court has determined that this opinion should not be published.

whether prison officials prevented Hicks from completing a proper IFP application, we vacate the dismissal and remand to the district court for further inquiry on this issue.

## I. Facts and Procedural History

Hicks filed a section 1983 complaint against Texas state prison officials, seeking to enjoin the prison officers from depriving him of certain constitutional rights as well as to force a criminal prosecution of those officers.  Hicks alleged that the prison officers had violated his civil rights by:  preparing a false disciplinary report against him, disciplining him improperly, locking him down without due process, confiscating his legal documents, denying him writing supplies, harassing him, retaliating against him for exercising his First Amendment rights, improperly handcuffing him to move him about the prison, and denying him hot meals.  Along with his section 1983 complaint, Hicks filed an application to proceed IFP on the grounds that he was a prisoner and was too poor to pay legal and filing fees.[2]

The district court found Hicks' IFP application to be incomplete and ordered Hicks to submit a signed certification of the balance in his inmate account along with the six-month average

_____

[2]Hicks included an IFP affidavit along with his original section 1983 complaint in which he declared under oath and penalty of perjury that he was an indigent prisoner "too poor to give securities or otherwise pay for this action."  (Record at 30.) Hicks cited 28 U.S.C. § 1746 as authority for the proposition that such an affidavit would substitute for a sworn to and notarized affidavit, as required by the IFP statute, 28 U.S.C. § 1915.  While such an affidavit would provide the district court with adequate grounds on which to grant IFP status, the district court may also require further proof of poverty as part of its inherent authority to evaluate the applicant's status under 28 U.S.C. § 1915(d).

balance in his account. In the order finding the IFP application inadequate, the district court expressly held that failure to provide the court with a certification of the inmate account balances would result in a dismissal of Hicks' action.

Hicks then filed a "Petition for In Forma Status & Petition for Memrandum of Law" (sic), in which he stated that he knew of instances in which prison officials delayed or simply refused such certifications. Hicks stated that he was in the process of seeking such certification, but he accused both the court and the prison system of acting in concert to impede his access to the courts. Under such circumstances, Hicks claimed that his 28 U.S.C. § 1746 statement of poverty was sufficient. Along with this document, Hicks filed another application for IFP status along with an uncertified print-out showing only $2.40 in his inmate account. Hicks also moved the court to hold a hearing on the question of whether he had diligently attempted to comply with the court's order requiring certification of his poverty status.

The district court found the uncertified application, uncertified print-out, and Hicks' statements to be inadequate. Thus, the district court dismissed Hicks' section 1983 action without prejudice on the ground that Hicks had failed to comply with the order requiring certification. Within ten days after this judgment was entered, Hicks filed a motion for reconsideration by the district court or, in the alternative to appeal. Hicks then filed a notice of appeal and a motion to proceed IFP on appeal.

The district court denied the motion for reconsideration. In

its denial, the district court noted that two months had passed since Hicks had been ordered to obtain certification of the amount of funds in his inmate account and still no certification had been rendered. The court also noted in the denial that during that two months other prisoners in Hicks' unit had filed the requisite certifications.

Thereafter, Hicks noticed an appeal from the denial of the motion for reconsideration.[3] Hicks requested IFP status on appeal. The district court noted Hicks' failure to properly apply for IFP status at the trial court level but nevertheless granted him IFP status on the appeal.

## II.  Discussion

The procedure for a party to bring an IFP lawsuit is set out in 28 U.S.C. § 1915. *Prows v. Kastner*, 842 F.2d 138, 140 (5th cir. 1988). The relevant portions of Section 1915 provide as follows:

> (a) Any courtt of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
>
> *    *    *

---

[3]When the district court entered the denial of the motion for reconsideration, Hicks had pending in this Court the motion for reconsideration, or alternatively, to appeal. Without knowledge of the denial of the motion for reconsideration, an Augean panel of this Court held that the motion was not a proper notice of appeal since the motion for reconsideration was still before the district court. The Court also noted that Hicks would not be precluded from filing a notice of appeal once the district court entered a separate judgment on the motion for reconsideration.

> (d) The court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

28 U.S.C. § 1915. Section 1915 is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing costs. *Prows*, 842 F.2d at 140. The relevant determination to be made by the district court under 28 U.S.C. § 1915(d) is whether the statements in a prisoner's affidavit satisfy the requirements of poverty for IFP status. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). The district court's determination that a prisoner does not meet the IFP poverty requirement is reviewed under an abuse of discretion standard. *See Prows*, 842 F.2d at 139-40.

Despite the wide discretion given the district court in evaluating a prisoner's IFP eligibility, we believe the district court rendered itself incapable of fully exercising such discretion in this instance by failing to afford Hicks an opportunity to prove that the prison officials prevented him from complying with the district court's orders that he provide certification of his inmate expense account. Hicks repeatedly alleged that the prison officials refused to provide him with certification of his expense account. If Hicks' allegations are true, affirmance of the district court's dismissal would effectively close the courthouse door to him due to the prison officials' actions. This cannot be permitted.

Under these circumstances, we have no choice but to vacate the dismissal and remand this case to the district court to hold a

hearing on whether the prison officials prevented Hicks from complying with the district court's order that he attain certification of his inmate account balances.

## III. Conclusion

Because the district court did not inquire into Hicks' allegations that prison officials prevented him from properly demonstrating his qualifications for IFP status, we vacate the district court's dismissal and remand to the district court for such an inquiry.

VACATED AND REMANDED.