Bill SAMPLEY and Michael Holland,
Plaintiffs–Appellees,

v.

Jack DUCKWORTH, in his personal
capacity, Defendant–Appellant.

No. 95–1842.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 15, 1995.

Decided Dec. 19, 1995.

Bill Sampley, Indiana State Prison, Michigan City, IN, pro se.

Michael H. Holland, # 71940, Bell County Jail, Pineville, KY, pro se.

Thomas D. Quigley (argued), Michael A. Hostettler, Matthew C. Robinson, Office of the Attorney General, Indianapolis, IN, for Jack R. Duckworth.

Hamid R. Kashani (argued), Indianapolis, IN, for amicus curiae Indiana Civil Liberties Union.

Before POSNER, Chief Judge, and CUDAHY and MANION, Circuit Judges.

CUDAHY, Circuit Judge.

This case presents only one issue: whether district courts have authority to impose upon a losing plaintiff the expenses incurred by state corrections officials in transporting prisoners to be witnesses in a civil suit. The case had its origins in a civil rights suit brought by plaintiffs Bill Sampley and Michael Holland against the Superintendent of the Indiana State Prison, Jack Duckworth, involving conditions at that institution. During the course of the lawsuit the district court issued orders of transportation requiring the Indiana Department of Corrections to bring a number of prisoner-witnesses to court to testify. The plaintiffs did not prevail in their lawsuit and costs were assessed against them in favor of the defendant. This appeal, however, concerns a third-party application for reimbursement brought by the Indiana Department of Corrections (IDOC). IDOC asked that the district court direct the losing plaintiffs to reimburse them for the costs of transporting the prisoner-witnesses to court. The district court denied the request, on the grounds that it lacked authority to mandate such a payment. We affirm.

## Analysis

■ Through the issuance of a writ of habeas corpus ad testificandum, state prison officials may be required to produce a prisoner in their custody to testify at a federal trial.

The writ of habeas corpus ad testificandum is authorized by 28 U.S.C. § 2241 which provides, in relevant part:

(a) Writs of habeas corpus may be granted by ... the district courts ...

.    .    .    .    .

(c) The writ of habeas corpus shall not extend to a prisoner unless—

.    .    .    .    .

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2243 further prescribes that "the writ ... shall be directed to the person having custody of the person detained" and that "the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." This statute codifies the common law writ. The writ was initially incorporated in the federal statutes in 1789, and there is no historical requirement that custodians be reimbursed for their costs of compliance with the writ. *See, e.g., Story v. Robinson,* 689 F.2d 1176, 1179 (3d Cir.1982); *Sales v. Marshall,* 873 F.2d 115, 119 (6th Cir.1989).

In this appeal IDOC does not contest that the court may order it to produce prisoner-witnesses pursuant to a writ of habeas corpus ad testificandum, nor does it suggest that the court is *required* to charge the costs of IDOC's compliance with the writ against the losing plaintiff. IDOC argues, however, that the district court erred in its belief that it lacked discretionary authority to order reimbursement of IDOC's costs of compliance. IDOC urges two possible sources of such district court authority. First, this power may be sought in the statutory framework governing reimbursement of trial costs. Alternatively, authority might be found in the common law powers associated with the writ of habeas corpus ad testificandum which were attached to it at the time it was codified. After considering each of these possible sources, we concur with the district court that nothing in either the statutory framework or the common law authorizes the requested reimbursements.

IDOC claims that its request is permitted under 28 U.S.C. § 1920, which is part of the

network of statutes and rules providing for reimbursement of costs to prevailing parties in civil actions. Reimbursement for some of the costs incurred by witnesses who testify at trial is routinely awarded to *prevailing parties* under the terms of Fed.R.Civ.P. 54(d). That rule provides that, with a few exceptions not relevant here, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." The expenses which may be taxed as costs, including expenses for witnesses, are enumerated in § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> .    .    .    .    .
>
> (3) Fees and disbursements for printing and witnesses; ...

28 U.S.C. § 1920.

The costs permissibly paid to witnesses are specified further by 28 U.S.C. § 1821 which provides, in part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States ... shall be paid the fees and allowances provided by this section.
>
> .    .    .    .    .
>
> (f) Any witness who is incarcerated at the time that his or her testimony is given ... may not receive fees or allowances under this section....

(The elided section of part (a) contains a list of specified reimbursable expenses, such as transportation and accommodation costs.) As indicated, prisoners themselves are expressly prohibited from receiving witness fees or allowances. 28 U.S.C. § 1821(f).

IDOC argues that the scope of § 1920 extends beyond defining the costs to be paid to prevailing parties under Rule 54(d) to encompass reimbursement of third parties, such as itself, for the expenses of complying with a writ of habeas corpus ad testificandum. One of the items which, under § 1920(3), may be taxed as costs is "fees and disbursements for printing and witnesses." IDOC argues that, while witness "fees" are those items described in § 1821, the "disbursements" in § 1920(3) include expenses incurred by IDOC (a non-party to the suit) in transporting witnesses in compliance with a writ of habeas corpus ad testificandum. IDOC's argument is precluded, however, by the Supreme Court's treatment of the relationship between Rule 54(d), § 1821 and § 1920 in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). That case determined that Rule 54(d) does not authorize the payment to an expert witness of any witness fees in excess of the limits imposed by § 1821 in its specification of the fees authorized by § 1920. The petitioner there argued that the scope of Rule 54(d) was *broader* than that of § 1920. While the appellant here urges the converse—that § 1920 is broader in scope than Rule 54(d)—the two arguments share the contention that Rule 54(d) and § 1920, while overlapping in scope, are not coextensive. The Supreme Court in *Crawford* rejected that contention.

In *Crawford,* the Supreme Court described the interrelation of the three provisions at issue, noting that "... § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs." *Crawford,* 482 U.S. at 441, 107 S.Ct. at 2497. Leaving no doubt as to its view of the function of § 1920, the Court opined:

> We think the better view is that § *1920 defines the term 'costs' as used in Rule 54(d)*. Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).

*Id.* (emphasis added).

The Supreme Court apparently does not view § 1920 as having any role beyond the purview of Rule 54(d). Indeed, its *Crawford* holding that § 1920 exhausts *all* costs which may be taxed under Rule 54(d) is based on its reasoning that "if Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever." *Id.*

If § 1920 played a role outside of the Rule 54(d) framework, the *Crawford* reasoning

would collapse. If, as IDOC contends, § 1920 provided for payments to third parties, which are completely outside of the Rule 54(d), umbrella, then construing Rule 54(d) to provide discretion beyond the confines of § 1920 would not leave §·1920 with "no role whatsoever." The reasoning in *Crawford* is premised on the thesis that § 1920 *only* authorizes payments as directed by Rule 54(d).

Ignoring this direct discussion of the role of § 1920, IDOC instead proposes a strained interpretation of both the statutory language and the language in *Crawford*. IDOC begins by noting correctly that *Crawford* states that the statutory phrase "fees ... for ... witnesses" is exhaustively defined in § 1821, which specifies the daily fees, travel allowances and so on, which may be paid to witnesses. Beyond this, however, IDOC contends that *all* of the payments authorized by § 1821 are included in the statutory term "fees" and none in the term "disbursements." On this basis IDOC then argues that, given that statutes are to be construed so as to give effect to each word, the word "disbursements" in § 1920(3) must be given some distinct meaning. IDOC then puts the roof on this house of cards by urging that "disbursements" therefore encompasses expenses incurred by the custodian of a prisoner-witness in complying with a writ of habeas corpus ad testificandum.

■ This chain of reasoning is flawed in its inception. As noted above, the Court in *Crawford* did state that "the witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821." However, the Court never suggested that § 1821 defines only the *fees* authorized by § 1920(3) and not the disbursements. Indeed, the Court's reasoning makes it quite clear that the fees and disbursements referred to in § 1920(3) are both included in § 1821. The Court's statement regarding·· the relationship between § 1920(3) and § 1821 reads in its entirety as follows:

> The witness fee specified in Sec. 1920(3) is defined in 28 U.S.C. § 1821:
>
> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States ... shall be paid the fees and allowances provided by this section.

> . . . .
>
> (b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

*Crawford*, 482 U.S. at 440–41, 107 S.Ct. at 2494 (ellipses in original).

Hence, the Court simply held that § 1920(3)'s witness fee is defined by these two subsections of § 1821. There is no suggestion that the entire section defines solely witness fee, leaving disbursements undefined.

IDOC's reliance on the general rule of statutory construction that statutes be construed so as to give effect to all of their language is thus unavailing. Many, if not most, of the items covered by § 1821 are not "fees" in any ordinary sense of the term. These items, such as travel reimbursements, are deemed "allowances" by § 1821. Surely they could easily qualify as disbursements under § 1920(3). Nothing more than this natural reading of § 1821 is needed to save the word "disbursements" in § 1920 from statutory oblivion.

We thus conclude that § 1920(3) does not empower the district court to order the reimbursement sought by IDOC. In so concluding we are in accord with the Sixth Circuit which considered an analogous issue and concluded that "no provision in § 1920 permits courts to tax as costs against a losing party the custodian's expenses incurred in complying with a prisoner's writ of habeas corpus ad testificandum." *Sales*, 873 F.2d at 119.

We now turn to the question whether the common law context of § 2241 can support the reimbursement requested by IDOC. As we recently noted in *Ivey·v. Harney*, 47 F.3d 181, 183 (7th Cir.1995), "laws often require or permit a court to do something without providing details. Omission leaves in place the common law powers of the federal courts, and using these interstitial powers the courts put flesh on the statutory bones." As we pointed out with approval in *Ivey*, the Second Circuit in *Rivera v. Santirocco*, 814 F.2d 859

(2d Cir.1987), relied on the common law background of the writ of habeas corpus ad testificandum in upholding a district court's ordering the Marshals Service and FBI to take custody of a state prisoner during a trial in which that prisoner was a necessary witness.

The power to fill interstices, however, does not imply a power to add extensions. Indeed, that was the lesson of this court's decision in *Ivey*. In *Ivey*, we dealt with the question whether the All Writs Act, 28 U.S.C. § 1651(a), authorizes a district court to order a state department of corrections to transport a prisoner some distance to be examined by a physician in the pre-trial phase of a lawsuit. The court found that this extrapolation from a court's authority to command a state custodian to produce a prisoner was precluded by the language of § 2241(c). The statute provides that "the writ of habeas corpus shall not extend to a prisoner *unless* ... it is necessary to bring him into court to testify or for trial." (emphasis added).[1]

■ IDOC does not persuade us that the common law writ of habeas corpus was coupled with any power to charge against the loser the costs of bringing friendly witnesses to court. It is true that the Ninth Circuit in *Wiggins v. County of Alameda*, cited by IDOC, concluded that the district court had discretion to allocate costs of transportation of a state prisoner between state and federal authorities. 717 F.2d 466, 469 (9th Cir.1983) (upholding allocation to state of all costs of transporting prisoner-plaintiff), *cert. denied sub nom. California Dept. of Corrections v. United States*, 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984). But that case has been overruled on this point by the Supreme Court in *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S.

34, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985), which held that only *custodians* of prisoners could be ordered to bear the costs of transporting them pursuant to a writ of habeas corpus ad testificandum. With regard to reimbursing the state for its expenses in transporting a prisoner, however, *Wiggins* found that "when there is no statutory authority ... authorizing reimbursement to the state for the costs of compliance with such a writ, then there is no basis upon which the state can seek compensation for its expenses." 717 F.2d at 469. The *Wiggins* court went on to say, and we agree, that "enactment of a statute, compliance with which will require a state or entity to incur costs, does not in itself create a right to reimbursement." *Id.*

IDOC cites only one case in which the cost of transporting prisoner-witnesses was taxed as costs against a losing plaintiff. *Marks v. Calendine*, 80 F.R.D. 24 (N.D.W.Va.1978), *aff'd sub nom. Flint v. Haynes*, 651 F.2d 970 (4th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982). In that case, the plaintiff sued the warden of the prison in which the prisoner-witnesses were incarcerated. The costs of transporting the witnesses were assumed by the court to be costs borne by the defendant for which he could be reimbursed. The case provided no analysis of whether costs may be awarded to non-parties and the propriety of the transportation cost award in particular was apparently not raised on appeal. The opinion affirming the district court decision in *Marks* focused entirely on the question whether costs may be taxed against indigents *at all*. *Flint v. Haynes*, 651 F.2d 970 (4th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982). We are not persuaded by these decisions that the taxation of costs against non-parties is authorized.

---

1. In *Ivey*, we failed to find common law authority for an order requiring a custodian to produce a prisoner for an examination by an expert witness in part because "nothing in the common law supports an order directing a third party to provide free services that facilitate litigation." 47 F.3d at 185. IDOC quotes this statement in support of its argument. The statement, however, referred to an order which we found to be outside the compass of the writ of habeas corpus ad testificandum. It supported our finding that the district court lacked the power even to issue the order in question. In contrast to the situation in *Ivey*, both statute and common law "support an order directing a third party to provide free services that facilitate litigation" when the third party is the custodian of a prisoner and the order is a writ of habeas corpus ad testificandum. IDOC does not contest this authority. The cited statement from *Ivey* thus has no bearing on the issue at hand.

In summary, IDOC has not persuaded us to adopt its creative interpretation of 28 U.S.C. § 1920(3), an interpretation which is at odds with the reasoning of the Supreme Court in *Crawford* and which is given no support by this court's opinion in *Ivey*. Neither has it produced any convincing authority that there is a common law basis for a district court to authorize the requested reimbursement. We therefore affirm the judgment of the district court.

AFFIRMED.