# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2099

_____

Edward Allen Moore,                    *
                                       *
          Appellant,                   *
                                       *
     v.                                *     Appeal from the United States
                                       *     District Court for the
David J. Mercier; Dora Schriro;        *     Western District of Missouri.
Steve Long; Pat Faherty; Chris         *
Swicord; Ray New; John Sydow;          *          [UNPUBLISHED]
Correctional Medical Systems, Inc.,    *
                                       *
          Appellees.                   *

_____

Submitted: October 4, 2000
Filed: October 12, 2000

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Edward Moore appeals from the district court's[1] order denying his objection to taxation of costs. Moore argues that the award of costs should be overturned because the State of Missouri actually paid the costs of the prevailing-party defendants to whom the award was made, and that the award will render him unable

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

to buy the basic necessities of life. We conclude that the district court did not abuse its discretion, see Greaser v. State of Missouri, Dept. of Corrections, 145 F.3d 979, 985 (8th Cir.) (standard of review), cert. denied, 525 U.S. 1056 (1998), and affirm.

First, Moore fails to point to any authority precluding a cost award merely because a third party will be the ultimate beneficiary of the award, and in fact, analogous case authority suggests otherwise. See Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991) (funding of insured's defense by insurer was irrelevant to award of costs). Moore's reliance on Sampley v. Duckworth, 72 F.3d 528, 530-32 (7th Cir. 1995), cert. denied, 517 U.S. 1220 (1996), is misplaced as it involved a non-party's direct attempt to obtain costs the court deemed non-recoverable under 28 U.S.C. § 1920.

Second, even assuming collateral estoppel principles do not bar Moore from raising the issue of his indigency--given our decision in a prior case that assessment of a filing fee was not an abuse of discretion despite Moore's assertion of indigency, see Moore v. Groose, No. 93-3337, 1994 WL 150382, at *1 (8th Cir. Apr. 28, 1994) (unpublished per curiam); Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 939 (8th Cir. 2000) (elements of collateral estoppel)--the district court did not abuse its discretion here because it noted that the prison provides Moore with the essential necessities of life. See McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994) (plaintiff's indigency does not require court to automatically waive costs for unsuccessful litigant), cert. denied, 513 U.S. 889 (1994); Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.) (court not bound by inmate's priorities), cert. denied, 488 U.S. 941 (1988); Missouri Department of Corrections Procedure No. IS8-6.1 (prison will provide basic hygiene items to inmates who cannot pay for them). We reject without further discussion Moore's appeal argument that the prison does not provide, and a costs award will prevent him from buying, hygiene items, over-the-counter medication, and writing supplies and stamps.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.