IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-30431
Summary Calendar

SHEDRICK BRUMFIELD

Plaintiff-Appellant

v.

SHIRLEY COODY, UNKNOWN BEOKER, Lieutenant; DAVID HONEYCUTT, Colonel; DAVID DAIGRENPONT, Sergeant; RICHARD STALDER; LINDA RAMSEY

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-64

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Shedrick Brumfield, Louisiana prisoner # 395469, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of a FED. R. CIV. P. 60(b) motion challenging the dismissal of Brumfield's 42 U.S.C. § 1983 claims against defendants Coody, Beoker, Honeycutt, and Daigrenpont for failure to perfect service of process. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court concluded that Brumfield's claims against these defendants were not frivolous, but it granted their motion to dismiss for failure to perfect service after the court did not receive a response to its order that Brumfield had thirty days in which to perfect service.

By moving for leave to proceed IFP, Brumfield is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Brumfield contends that he attempted to comply with the court's instruction to perfect service, but that the clerk of court did not respond to his correspondence. For the reasons detailed below, we VACATE the district court's certification that the appeal is not taken in good faith.

Although FED. R. CIV. P. 4(m) directs that a dismissal for failure to perfect service should be without prejudice, see Rule 4(m), the judgment of dismissal in this case did not specify that the complaint was dismissed without prejudice. A dismissal that is silent as to prejudice sounds as a dismissal with prejudice. See Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm., 283 F.3d 650, 656 n.26 (5th Cir. 2002). Moreover, our review of the record leads us to conclude that Brumfield may be entitled to Rule 60(b) relief because his failure to perfect service was based on excusable neglect. See Rule 4(m); see also Henderson v. United States, 517 U.S. 654, 661-62 (1996) (holding that the 120-day provision in Rule 4 is not jurisdictional and may be extended at the discretion of the district court). The record shows that Brumfield complied with "the core function of service [by supplying] notice of the pendency of [the] legal action, in a manner and at a time that afford[ed] the defendant[s] a fair opportunity to answer the complaint and present defenses and objections." See Henderson, 517 U.S. at 671-72.

Because the district court determined that the appeal was not taken in good faith, it did not address whether Brumfield is financially eligible to appeal IFP. We note that Brumfield received $10000 in settlement of a prior civil rights

lawsuit in December 2006.  See Brumfield v. Cain, No. 3:03-cv-486 (M.D. La. Dec. 19, 2006).  Brumfield states that the majority of this award was used to pay his criminal attorney.  Although Brumfield's current affidavit of poverty provides adequate grounds to support a grant of IFP, a court may require additional proof of poverty as part of its inherent authority under § 1915(d).  Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988).  Accordingly, the motion to appeal IFP is HELD IN ABEYANCE and the case is REMANDED to the district court for clarification of Brumfield's financial status.  We express no intimation regarding Brumfield's financial eligibility to appeal IFP.