# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2025

Lyle W. Cayce
Clerk

No. 25-10605

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Darla Jennings, *Individual Capacity*; Jane Carpenter; Havier Ramirez, *Individual Capacity*; Stetson Fisher, *Individual Capacity*; James Winckler, *Individual Capacity*; Douglas Radford, *Individual Capacity*; Jeroldo LNU, *Individual Capacity*; S. Murphree, *Individual Capacity*,

*Defendants—Appellees*.

No. 25-10696

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Chris Weston, *Sheriff, Lamb County*; Wes Moore, *Lamb County Sheriff Officer*; FNU Anderson, *Sheriff, Lamb County*; Gary Maddox, *Sheriff, Lamb County*; Rickie Redman, *Prosecutor, 164th District Court of Lamb County*,

*Defendants—Appellees*.

———————————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 5:25-CV-78, 5:25-CV-101

———————————————————

Before Smith, Haynes, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Lonnie Welsh, who has been civilly committed as a sexually violent predator, seeks to proceed *in forma pauperis* ("IFP") in consolidated appeals from the administrative closures of his complaints in two 42 U.S.C. § 1983 cases because of his failure to comply with a sanction imposed in *Welsh v. Lamb County*, No. 5:20-CV-24 (N.D. Tex. Sept. 16, 2024) (unpublished). The IFP motion constitutes a challenge to the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *see also* Fed. R. App. P. 24(a). The inquiry into an IFP movant's good faith is "limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Welsh contends that the district court abused its discretion in labeling him as a vexatious litigant in *Welsh*. Alternatively, he contends that the sanction constitutes a denial of his right to access the courts in the cases being appealed. He further contends that he is not subject to the 28 U.S.C. § 1915(g) three-strikes provision because, as a civilly committed sexually violent predator, he is not a prisoner under the statute.

Because Welsh previously admitted in *Welsh v. Williams*, No. 5:22-CV-183 (N.D. Tex.), that he had access to funds sufficient to pay the $500 sanction three months before the imposition of the sanction, which he then

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10605
c/w No. 25-10696

admittedly gave to family members, and because his recent attempted payment of $600 to appeal that case demonstrates that he has access to adequate funds to pay the sanction, he has not raised a nonfrivolous claim that the sanction order has hindered his ability to pursue a nonfrivolous legal claim and thus has prevented him from accessing the courts in the instant cases. *See Lewis v. Casey*, 518 U.S. 343, 351–52 (1996); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986). Moreover, to the extent that Welsh challenges the district court's reasons for imposing the sanction, such an argument is properly raised on appeal in that case, which is currently pending in this court, *see Welsh v. Lamb Cnty.*, No. 25-10892, instead of in the instant case. Additionally, although Welsh correctly contends that he is not subject to the § 1915(g) three-strikes rule on account of his alleged status as a non-prisoner, the district court did not apply § 1915(g) in its denial of his IFP motions.

Because Welsh fails to show that his appeals raise a nonfrivolous issue, his motions to proceed IFP are DENIED, and the appeals are DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

We have warned Welsh that he would face sanctions if he continued to file frivolous or repetitive pleadings. *See Welsh v. Thorne*, No. 23-11109, 2024 WL 1956145, at *2 (5th Cir. May 3, 2024) (unpublished); *Welsh v. McLane*, No. 23-50912, 2024 WL 1008593, at *1 (5th Cir. Mar. 8, 2024) (unpublished); *Welsh v. Abbott*, No. 23-50492, 2023 WL 8804578, at *1 (5th Cir. Dec. 20, 2023) (unpublished); *Welsh v. McLane*, No. 20-10412, 2021 WL 5313626, at *1-2 (5th Cir. Nov. 15, 2021) (unpublished). We have twice imposed a $100 sanction and directed Welsh to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive. *Welsh*, 2024 WL 1956145, at *2; *Welsh*, 2024 WL 1008593, at *1.

No. 25-10605
c/w No. 25-10696

Because Welsh has ignored our warnings, IT IS ORDERED that a SANCTION IS IMPOSED. Welsh is ORDERED to remit a sanction of $100, payable to the Clerk of this court. Welsh is also BARRED from filing any pleading in this court, or in any court subject to this court's jurisdiction, until that sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleading. Welsh is further WARNED that any future frivolous or repetitive filings in this court, or any court subject to this court's jurisdiction, will subject him to additional sanctions. He is again DIRECTED to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive.